Citation Nr: 1443690 
Decision Date: 09/04/14 Archive Date: 10/06/14

DOCKET NO. 10-49 345 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Sioux Falls, South Dakota


THE ISSUES

1. Entitlement to service connection for a left knee disability.

2. Entitlement to service connection for a lumbar spine disability.

3. Entitlement to service connection for obstructive sleep apnea, including as secondary to service-connected bilateral pleural plaques.

4. Entitlement to service connection for headaches.

5. Entitlement to service connection for a cervical spine disability.


REPRESENTATION

Appellant represented by: Attorney, John S. Berry



ATTORNEY FOR THE BOARD

A. Solomon, Associate Counsel


INTRODUCTION

The Veteran served on active duty from December 1954 to November 1958.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from June 2012 and October 2013 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Sioux Falls, South Dakota and a February 2010 rating decision of the RO in Des Moines, Iowa. 

The Board subsequently remanded the claims for entitlement to service connection for a lumbar spine disability and a left knee disability in October 2012. That development was completed, and the case was returned to the Board for appellate review.

While the appeal was pending for the claims for entitlement to service connection for a lumbar spine disability and left knee disability, the Veteran perfected timely substantive appeals for claims for entitlement to service connection for obstructive sleep apnea, headaches, and a cervical spine disability. They are thus also under the Board's jurisdiction, and have been added to the title page.

The issue of entitlement to a compensable disability rating for bilateral hearing loss has been raised by the record, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Reasons for remand: To obtain outstanding relevant treatment records, provide the Veteran with proper notice, and order addendum VA medical opinions.

I. Treatment Records & Notice

The Veteran's claims file contains an October 2012 primary care note from the Sioux City Community-Based Outpatient Clinic (CBOC) that includes a notation that the Veteran sees outside physicians including a Dr. B with Pulmonary Health and the Family Practice at Dakota Dunes. The most recent treatment record from Dr. B with S.P.C.C.S. is from October 2010. VA has a duty to make reasonable efforts to obtain relevant private treatment records on behalf of the Veteran. Since a complete set of treatment records is relevant to the claims, and those from Dr. B. would likely directly relate to the Veteran's claim regarding obstructive sleep apnea, these private records should be obtained, pending any necessary release from the Veteran. 38 C.F.R. § 3.159(c)(1) (2014). 

The Veteran also submitted a VA Form 21-4142 identifying private treatment from the M.M.C. Sleep Department "before May 21, 1971." The Veteran stated that he had the sleep test prior to this date, and that he received a CPAP machine on this date from Lincare (for which he also provided an authorization form). While VA requested, and received records concerning the Veteran's 2001 and 2007 polysomnograms with M.M.C., no request was made for the 1971 records. On remand, the Veteran should be asked to clarify the dates of treatment, and these records should be sought. 

Finally, although the RO made two requests for the 1971 records from Lincare, identified by the Veteran, the Veteran was not provided with specific notice compliant with 38 C.F.R. § 3.159(e). On remand, the Veteran should be provided with appropriate notice which identifies the records VA was unable to obtain, explains the efforts made by VA, describes any further action VA will take regarding the claim, and notifies the Veteran that it is ultimately his responsibility for providing the evidence.

II. Addendum VA Medical Opinions

The Veteran has been provided with VA examinations and medical opinions regarding each of the issues on appeal. It is well established that once VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. 38 C.F.R. § 4.2; Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). For the reasons specified below, the Board finds that the opinions proffered are inadequate for adjudication, and that addendum opinions must be sought.

Pursuant to the Board's October 2012 remand directives, the Veteran was provided with a February 2013 VA examination with respect to his claims for entitlement to service connection for a left knee disability and lumbar spine disability. 

Regarding the left knee disability, the examiner provided a diagnosis of bilateral mild degenerative arthritis and opined that it was less likely than not "secondary to his period of service, his left knee injury or his arthrotomy in service." He reasoned that the Veteran experiences bilateral knee symptoms, including pain and crepitus, which the examiner related to arthritis which developed much later than the period of service. He highlights the fact that the Veteran only injured his left knee in service, and that an August 2011 private evaluation notes a gradual onset of knee pain occurring for one month. However, although the examiner also noted that this August 2011 record indicated that the left knee is more symptomatic than the right, he did not discuss whether this increased symptomatology is related to the Veteran's in-service left knee injury. As it seems logical that an in-service injury to the left knee could result in greater disability to that knee later in time, the examiner should be asked to provide an explanation. 

The examiner also provided a diagnosis of degenerative changes - mild, with regard to the Veteran's lumbar spine. He opined that it is less likely as not that this condition is related to the Veteran's period of service or the Veteran's left knee injury, arthrotomy or left arthrotomy scar. As rationale, the examiner stated that there is not medical evidence to support the finding that a possible knee condition could cause the Veteran's current back pain unless there were neurological changes indicating a pathological gait due to nerve damage or weakness or to significant leg shortening. In his review of the evidence, the examiner stated that he viewed chiropractor records, and indicated that the Veteran was seen by a chiropractor for sore back and neck from 2011 to 2012. The Board notes, however, that these records cover a period from February 2009 to April 2012. Additionally, the February 2009 chiropractor records include a handwritten finding which appears to read "short leg". Because it is unclear from the examination report whether the examiner considered this relevant evidence, an addendum opinion is needed. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (noting that most of the probative value of a medical opinion comes from its reasoning and that it must be clear that the medical expert applied valid medical analysis to the significant facts of a particular case). Additionally, because entitlement to service connection on a secondary basis can be found on the basis of aggravation, and such an opinion was not proffered by the February 2013 examiner, the VA examiner must address it on remand. See Allen v. Brown, 7 Vet. App. 439, 448 (1995).

The Veteran was provided with a VA examination with regard to his claim for entitlement to service connection for obstructive sleep apnea, including as secondary to pulmonary plaques, in May 2013. The examiner opined that the Veteran's sleep apnea was less likely caused by, related to, or aggravated beyond its normal progression by his pleural plaques. As rationale, the examiner stated that there have not been any changes in CPAP machine pressures for many years, suggesting stability of sleep apnea, and that his sleeping pattern has not been interrupted by any sleep apnea symptoms. The examiner stated that a medical record review shows stable COPD, asthma, and sleep apnea over the last 2 or more years. As noted above, it is likely that private treatment records relating to the Veteran's pulmonary and sleep function remain outstanding. Additionally, subsequent to this examination, a March 2014 private treatment record from Dakota Dunes noted the presence of fatigue, sleep disturbances, and tiredness in a review of systems. Because new evidence relevant to the claim has not yet been reviewed by an examiner, the Board finds that a supplemental medical opinion is needed. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

Finally, the Veteran was provided with VA examination of his cervical spine and headaches in June 2012. The examiner opined that it is less likely that the Veteran's cervical spine disability and headaches were caused by, or related to, a motor vehicle accident in service in 1957. As part of the rationale, the examiner noted that the Veteran's post military history of headaches is vague and without documentation. The examiner also states that the VA record is silent for any headaches or neck history except for two mentions of headaches in history review. However, the Board notes that private chiropractic records from February 2009 to April 2012, documenting neck tension/pain and headaches, appear to have been overlooked by the examiner. The examiner's silence on these relevant chiropractic records, which include X-ray findings, leads the Board to conclude that such evidence was not considered. Because the VA examiner's opinion is based on an inaccurate factual premise, and an incomplete review of the evidence, it has limited, if any, probative value. See Reonal v. Brown, 5 Vet. App. 458, 461; Nieves-Rodriguez, 22 Vet. App. at 304. On remand, a supplemental opinion should be sought which contemplates the full relevant evidence of record. 

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Ask the Veteran to identify and provide release forms for any records of private treatment, not yet associated with the claims file, relating to his claims on appeal, and to identify the dates of any relevant treatment. Note that the Veteran's VA treatment records indicate that he continued treatment with Dr. B. of S.P.C.C.S. as of October 2012, but that the claims file only contains these treatment records to October 2010. The Veteran should also, to the extent possible, identify the date, or range of dates, for which he underwent a sleep study at the M.M.C. in or around May 1971. 

After securing the Veteran's written authorization, obtain the private records identified. If any records cannot be obtained after reasonable efforts have been made, notify the Veteran of the attempts made and allow him the opportunity to obtain the records. (Note: The Board is using initials to protect the identity of the Veteran. In all correspondence to the Veteran, the full name of the private physician should be used in order to aid him in responding to the request.)

2. Send the Veteran notice, compliant with 38 C.F.R. § 3.159(e), that records from Lincare, as identified in his March 2013 release, have not been obtained by VA.

3. Thereafter, refer the Veteran's VA claims file to the examiner who conducted the February 2013 VA examination, or if unavailable, to another appropriate VA medical professional, for an addendum opinion as to the etiology of the Veteran's left knee and lumbar spine disabilities. The examiner must be given full access to the Veteran's complete VA claims file and the Veteran's electronic records for review. The examiner must specifically note on the VA examination report whether the claims file, to include a complete copy of this remand, and any electronic records, were reviewed in connection with this opinion. 

If, after review of the file, the examiner determines that another VA examination is necessary, such must be scheduled and the Veteran must be notified.

Thereafter, the examiner is asked to provide an opinion on the following:

a) Whether the Veteran's left knee disability at least as likely as not (50 percent probability or greater) was caused by, or is related at least in part to, his military service.

In providing this opinion, the examiner must discuss the finding of an August 2011 private treatment record indicating that the Veteran's left knee is more symptomatic than his right. What is the likelihood (not likely, at least as likely, more likely) that this additional symptomatology relates to the Veteran's in-service injury and/or subsequent surgery?

b) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran's lumbar spine disability arose during active service or is otherwise related to any incident of service. 

c) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran's lumbar spine disability was caused by the Veteran's service-connected left knee scar.

(d) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran's lumbar spine disability was aggravated by the Veteran's service-connected left knee scar.

(e) If the examiner finds that the Veteran's left knee disability is at least in part related to his in-service injury, then the examiner should also opine as to the following:

i) Whether it is at least as likely as not (50 percent probability or greater) that the Veteran's lumbar spine disability was caused by or is related to the Veteran's left knee disability; 

ii) Whether it is at least as likely as not (50 percent probability or greater) that the Veteran's lumbar spine disability was aggravated by the Veteran's left knee disability.

In considering these questions, the examiner's attention is directed to private chiropractor notes from February 2009 to April 2012.
 
For purposes of this analysis, 'aggravation' is defined as a permanent worsening of the not service-connected disability beyond that due to the natural disease process.

(The term 'at least as likely as not' does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of conclusion as it is to find against it.)

The examiner must include in the examination report the rationale for any opinion expressed. However, if the examiner cannot respond to the inquiry without resort to speculation, he or she should so state, and further explain why it is not feasible to provide a medical opinion.

4. After completing the development requested in parts 1 and 2, refer the Veteran's VA claims file to an appropriate VA medical professional for an addendum opinion as to the etiology of the Veteran's obstructive sleep apnea. The examiner must be given full access to the Veteran's complete VA claims file and the electronic records for review. The examiner must specifically note on the VA examination report whether the Veteran's VA claims file, to include a complete copy of this remand, and any electronic records, were reviewed in connection with this examination. 

If, after review of the file, the examiner determines that another VA examination is necessary, such must be scheduled and the Veteran must be notified.

The examiner must then provide an opinion as to the following:

a) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran's obstructive sleep apnea was caused by, or is related to, the Veteran's service connected pleural plaques; 

b) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran's obstructive sleep apnea was aggravated by the Veteran's service connected pleural plaques.

In considering these questions, the examiner's attention is directed to a March 2014 private treatment record from Dakota Dunes indicating the presence of fatigue, sleep disturbances, and tiredness, on a review of systems. The examiner is also to carefully consider any relevant pulmonary or sleep treatment records associated with the file as a result of this remand.

(The term 'at least as likely as not' does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of conclusion as it is to find against it.)

The examiner must include in the examination report the rationale for any opinion expressed. However, if the examiner cannot respond to the inquiry without resort to speculation, he or she should so state, and further explain why it is not feasible to provide a medical opinion.

5. After completing the development requested in parts 1 and 2, refer the Veteran's VA claims file to an appropriate VA medical professional(s) for an addendum opinion as to the etiology of the Veteran's cervical spine disability and headaches. The examiner must be given full access to the Veteran's complete VA claims file and the electronic records for review. The examiner must specifically note on the VA examination report whether the Veteran's VA claims file, to include a complete copy of this remand, and any electronic records, were reviewed in connection with this examination. 

If, after review of the file, the examiner determines that another VA examination is necessary, such must be scheduled and the Veteran must be notified.

Thereafter, the examiner is asked to provide an opinion on the following:

a) Whether the Veteran's cervical spine disability at least as likely as not (50 percent or greater probability) was caused by, or is related at least in part to, his military service, to include an in-service motor vehicle accident.

b) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran's headaches arose during active service or are otherwise related to any incident of service, to include an in-service motor vehicle accident. 

(c) If and only if the examiner finds that the Veteran's cervical spine disability is related to his in-service injury, then the examiner should also opine as to:

i) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran's headache disability was caused by or is related to the Veteran's cervical spine disability; 

ii) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran's headache disability was aggravated by the Veteran's cervical spine disability.

For purposes of this analysis, 'aggravation' is defined as a permanent worsening of the not service-connected disability beyond that due to the natural disease process.

In considering these questions, the examiner's attention is directed to private chiropractor notes from February 2009 to April 2012, recording complaints of and treatment for cervical spine pain/tension and headaches.

(The term 'at least as likely as not' does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of conclusion as it is to find against it.)

The examiner must include in the examination report the rationale for any opinion expressed. However, if the examiner cannot respond to the inquiry without resort to speculation, he or she should so state, and further explain why it is not feasible to provide a medical opinion.

6. Thereafter, review the requested medical opinions to ensure they are responsive to, and in compliance with, the directives of this remand and if not, implement corrective procedures. 

7. After completing the aforementioned, and conducting any additional development deemed necessary, readjudicate the claims for entitlement to service connection for a left knee disability, lumbar spine disability, cervical spine disability, obstructive sleep apnea, and headaches in light of all additional evidence received. If the benefits sought on appeal are not granted, the Veteran and his representative should be furnished with a supplemental statement of the case and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).