Citation Nr: 1513895 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 02 14-898 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to service connection for erectile dysfunction (ED), claimed as secondary to service-connected disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Veteran and appellant



ATTORNEY FOR THE BOARD

Anthony Flamini, Counsel


INTRODUCTION

The Veteran had active military service from June 1968 to June 1970. The Veteran died in March 2012, and the appellant is his surviving spouse. A December 2013 RO Administrative Decision determined that the appellant, as the widow of the Veteran, was the eligible claimant for substitution in the Veteran's appeal. A December 2013 letter confirmed the granting of her motion for substitution.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2002 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. The RO denied service connection for ED - which at the time the Veteran was alleging was secondary to his service-connected posttraumatic stress disorder (PTSD).

The Board remanded the claim to the RO in November 2003 for further development and consideration. After receiving the file back from the RO, the Board issued a decision on July 19, 2005, also denying the claim. That decision later became a final and binding determination based on the evidence then of record when not appealed. 38 U.S.C.A. § 7104 (West 2014); 38 C.F.R. §§ 20.1100, 20.1104 (2014).

In July 2009 the Veteran filed a petition to reopen this claim, alleging there was the required new and material evidence. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156. The RO denied that petition in October 2009, but later granted service connection for prostate cancer in a February 2011 rating decision, and assigned a 100 percent rating, with special monthly compensation (SMC) because the Veteran was housebound.

In April 2012 the RO granted service connection for the cause of the Veteran's death, and Chapter 35 Dependents' Educational Assistance (DEA).

Also in April 2012, because of the Veteran's death in March 2012, the Board dismissed his pending appeal to also establish his entitlement to service connection for ED, which he was now alleging to also be secondary to his prostate cancer, not just, as previously alleged, his PTSD.

The Appellant-widow's representative filed December 2014 motions to either VACATE the Board's July 2005 decision denying this ED claim or have it RECONSIDERED. In a decision issued in March 2015, the Board VACATED the July 19, 2005 Board decision, which in turn rendered the RECONSIDERATION motion moot. Unfortunately, the Veteran passed away before a decision could be made regarding his appeal. 

The issue of entitlement to service connection for erectile dysfunction is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


REMAND

As noted above, a February 2011 rating decision granted service connection for prostate cancer, and assigned a 100 percent evaluation effective September 3, 2010. In his December 2014 Appellant's Brief, the appellant's representative argued, for the first time, that the Veteran's erectile dysfunction could have been caused or aggravated by his service-connected prostate cancer, and emphasized that a VA opinion was never obtained with respect to a theory of service connection secondary to prostate cancer.

The Board notes that the Veteran was provided a VA genitourinary examination in January 2010, with an addendum opinion issued in April 2010. The April 2010 VA addendum opinion indicated that there was no documentation of erectile dysfunction beginning shortly after the Veteran was first treated for PTSD in the 1990s, and that his erectile dysfunction did not manifest until 2008. As such, the examiner opined that it was less likely than not that the Veteran's erectile dysfunction was related to his service-connected PTSD because his PTSD was "long standing" while his erectile dysfunction did not manifest until 2008. 

However, as emphasized by the appellant's representative in his December 2014 Appellant's Brief, this opinion was based on an inaccurate factual premise, since the Veteran's erectile dysfunction was documented in VA treatment records as early as July 2002. See Reonal v Brown, 5 Vet. App. 458, 460-61 (1993) (holding that medical opinions based on incomplete or inaccurate factual premise are not probative). In addition, the appellant's representative indicated that the January 2010 and April 2010 VA opinions failed to address the likelihood that the Veteran's erectile dysfunction was aggravated by his service-connected PTSD. 

As discussed above, the January 2010 VA opinion and April 2010 addendum VA opinion are inadequate. The opinions were based on inaccurate factual premises regarding the onset of the Veteran's erectile dysfunction, did not opine as to the likelihood that his erectile dysfunction was aggravated by his service-connected PTSD, and did not opine as to the likelihood that his erectile dysfunction was caused or aggravated by his service-connected prostate cancer. Once VA undertakes to provide an examination, that examination must be adequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Because the January 2010 VA examination and April 2010 addendum opinion did not adequately address these issues, the appellant is entitled to a remand to obtain an additional VA opinion which adequately and thoroughly addresses secondary service connection.

Accordingly, the case is REMANDED for the following action:

1. An opinion should be obtained from a VA urologist to determine the nature and etiology of the Veteran's erectile dysfunction. 

The urologist should be requested to furnish an opinion as to whether it is at least as likely as not (50 percent probability or more) that the Veteran's erectile dysfunction was proximately due to or chronically aggravated by a service connected disability, to include PTSD and prostate cancer.

The claims file should be reviewed. The VA urologist must consider the lay statements of record regarding the history of the claimed condition. The VA urologist is requested to provide a thorough and clear rationale for any opinion provided.

The term "at least as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it.

Aggravation is defined as a permanent worsening beyond the natural progression of the disease.

A complete rationale must be provided for any opinion offered.

2. Thereafter, readjudicate the issue on appeal. If the benefit sought is not granted, then issue a supplemental statement of the case and afford the appellant and her representative an appropriate opportunity to respond. The case should then be returned to the Board, as warranted.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals



The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________

Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).