Citation Nr: 1736732 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 10-30 164 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to service connection for neck problems now claimed as neck injury, to include soft tissue damage, to include as secondary to residuals of left biceps long head rupture.

2. Entitlement to service connection for herniated disc.

3. Entitlement to service connection for spinal degeneration.

4. Entitlement to service connection for unspecified arthritis.

5. Entitlement to service connection for numbness in the hands, to include as due to undiagnosed illness.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

Andrew Mack, Counsel


INTRODUCTION

The Veteran served on active duty from July 1989 to June 1994, which included service in the Persian Gulf. 

This appeal is before the Board of Veterans' Appeals (Board) from a June 2009 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). In February 2011, the Veteran and wife testified at a Board hearing before the undersigned. A transcript is included in the claims file.

The Board remanded the matters on appeal in November 2013 and May 2016. 
The appeal is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

As reflected in a January 2009 statement and his February 2011 testimony before the Board, the Veteran asserts, in part, that a current neck disability is the result of an in-service parachuting accident. 

In its May 2016 remand, the Board noted that the Veteran had been provided a VA examination in January 2014, during which cervical degenerative disc disease with left upper extremity radiculopathy was diagnosed; the examiner opined that the Veteran's neck problems were not related to service, based entirely on the rationale that there was "[n]o evidence of complaints of neck pain during active service." However, a hospital record following the June 1990 in-service parachuting accident resulting in a closed head injury reflected that the Veteran complained of pain in his cervical spine area, and service treatment records reflected that he was given cervical spine X-rays on follow-up treatment. The Board therefore remanded the issues on appeal for a clarifying opinion based on an accurate factual premise. See Reonal v. Brown, 5 Vet. App. 458, 461 (1993). After reviewing the claims file, to include the June 1990 hospital record reflecting that the Veteran complained of cervical spine pain following his parachuting accident, the follow-up service treatment records reflecting cervical spine X-rays, and the January 2014 VA examination report, the January 2014 examiner was to provide etiology opinions regarding the Veteran's claimed disabilities.

In September 2016, the January 2014 examiner again opined that the Veteran's neck problems were not related to service, providing the following rationale: 

11/1/93 MEB physical was silent for neck complaints. 6/27/90 note indicates closed head injury with concussive symptoms and facial abrasion. There is no mention of neck pain, cervical spine x-rays were negative. Cervical spine x-rays are sometimes obtained as part of a trauma protocol in the absence of cervical spine symptoms. Thus, there is not sufficient evidence to indicate the veteran had a cervical spine injury as a result of the parachute accident in June 1990.

In February 2017, the same examiner reiterated this opinion, explaining as follows:

The diagnoses I provided on 1/24/14 for the cervical spine include intervertebral disc syndrome, cervical degenerative disc disease with left upper extremity radiculopathy. I indicated in the medical opinion that his 11/1/93 medical evaluation board physical was silent for neck complaints and 6/27/90 note s/p parachute accident indicates closed head injury with concussive symptoms and facial abrasion but there was no mention of neck pain. Thus, there is not sufficient evidence to indicate the veteran has a cervical spine condition resulting from the parachute accident in June 1990 or otherwise related to service. The medical opinion I provided is unfavorable for each of the cervical spine diagnoses: intervertebral disc syndrome, cervical degenerative disc disease with left upper extremity radiculopathy.

The examiner thus again based his opinions on the factual premise that treatment records at the time of the June 1990 parachute accident did not reflect any complaints of neck pain; in this regard, there is no indication that the AOJ ever actually instructed the examiner to review the June 1990 hospital record reflecting that the Veteran complained of pain in his cervical spine area. 

Accordingly, the appeal must again be remanded for the for a clarifying opinion based on an accurate factual premise, including review and consideration of the June 1990 hospital record reflecting pain in the Veteran's cervical spine area. 

Accordingly, the case is REMANDED for the following action:

1. Forward the claims file to the VA examiner who provided the January 2014 examination and September 2016 and February 2017 addendum opinions. If the examiner is unavailable, the claims file should be forwarded to another appropriate examiner to provide the requested information. If the requested opinions cannot be provided without another examination of the Veteran, schedule him for a VA examination with an appropriate examiner. The claims file and a copy of this Remand must be reviewed by the examiner. 

After reviewing the claims file, to include the June 1990 hospital record reflecting that the Veteran complained of cervical spine pain following his parachuting accident, the follow-up service treatment records reflecting cervical spine X-rays, and the prior VA opinions, the examiner should determine:

Whether any currently diagnosed cervical spine and/or upper extremity neurological disorder, to include intervertebral disc syndrome and cervical degenerative disc disease with left upper extremity radiculopathy, at least as likely as not (i.e. a 50 percent probability or more) began during, is the result of, or is otherwise related to service, to include the Veteran's June 1990 parachuting accident and related injuries. 

Please note that the June 1990 hospital record in question is contained in private treatment records, not in the service treatment records, and is marked in the Virtual File as "ER record following 6/90 in-service parachuting accident: 'pain in his cervical spine area.'"

All opinions are to be accompanied by a rationale consistent with the evidence of record. If the examiner cannot provide an opinion without resorting to speculation, he or she shall provide complete explanations stating why this is so. In so doing, the examiner shall explain whether any inability to provide a more definitive opinion is the result of a need for additional information, or whether he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

2. After completing the above and any other necessary development, readjudicate the appeal. If any benefit sought remains denied, provide a supplemental statement of the case to the Veteran. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
T. D. JONES
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).