﻿Citation Nr: 19172631
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 13-11 887
DATE: September 18, 2019

REMANDED

Entitlement to service connection for arthritis of the left knee is remanded.

Entitlement to service connection for arthritis of the right knee is remanded.

REASONS FOR REMAND

The Veteran served on active duty from August 1969 to August 1971.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from an October 2010 rating decision by the Regional Office (RO) of the Department of Veterans Affairs (VA).

This case was previously before the Board in January 2017 and August 2018, on which occasions the claim was remanded.

1. Entitlement to service connection for arthritis of the left knee is remanded.

2. Entitlement to service connection for arthritis of the right knee is remanded.

Unfortunately, there has not been substantial compliance with the Board’s previous remand directives regarding the issue of entitlement to service connection for bilateral arthritis of the knees. In this regard, in an August 2018 Board decision, the RO was directed to return the claim to a clinician for an addendum opinion regarding the etiology of each knee disability. The examiner was specifically directed to comment on the Veteran’s 1990 diagnosis of “[e]arly DJD of the knees.” (2/7/2002, Medical Treatment Record – Non-Government Facility, p. 7).

In April 2019 the claim was sent to a VA examiner who opined that bilateral arthritis of the knees was less likely than not incurred in or cause by an in-service injury, event or illness. In rendering her opinion, the examiner did not acknowledge the April 1990 diagnosis of DJD, as the Board specifically requested. (4/29/2019, C&P Exam, p. 1). Moreover, the examiner indicated that there were no records relating to a motor vehicle accident. While treatment reports directly involving an accident are not present the accident itself was reported in the treatment records and is accepted by the Board as having occurred. (2/7/2002, Medical Treatment Record – Non-Government Facility, p. 10). In light of the foregoing, the Board finds that the April 2019 medical opinion failed to substantially comply with the Board’s previous remand instructions. See Reonal v. Brown, 5 Vet. App. 458, 460-61 (1993). 

As there was not substantial compliance with previous remand directives, another remand is required. Stegall v. West, 11 Vet. App. 268, 271 (1998).

The matters are REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s bilateral knee disabilities are at least as likely as not related to an in-service injury, event, or disease, including exposure to contaminated water at Camp Lejeune. In rendering an opinion, the clinician should:

(a.) Identify each knee disability shown by the record during the pendency of the claim.

(b.) Identify the likely etiology of each knee disability. The examiner should specifically comment on the April 1990 diagnosis of bilateral DJD. See VBMS 2/7/2002, Medical Treatment Record – Non-Government Facility, p. 7. 

(c.) Include rationale with all opinions, citing to supporting factual data and medical literature as deemed appropriate. 

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Glenn, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.