Bartolome R. REONAL, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–2014.

United States Court of Veterans Appeals.

Sept. 8, 1993.

Bartolome R. Reonal, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Amanda Linn Cashion, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Judges.

MANKIN, Judge:

Bartolome R. Reonal appeals the September 10, 1991, Board of Veterans' Appeals (BVA or Board) decision which determined that new and material evidence had not

been submitted to reopen his claim for service connection for residuals of a fracture of the left femur with shortening and coxa vara deformity, and found that appellant did not have the requisite service for pension eligibility. The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). We affirm the BVA decision.

## I. Factual Background

Appellant served as a "New" Philippine Scout from July 1946 to March 1947. Service medical records reveal that appellant reported that prior to service he had fallen out of a tree landing on his leg, and was bedridden for nine months thereafter. During service appellant was diagnosed with an old, healed fracture of the femur which existed prior to service. On March 4, 1947, he was medically discharged due to this disability.

On March 20, 1947, appellant submitted to the Veterans' Administration (VA) Regional Office (RO) a claim for service connection for his hip and leg disorder, but the February 1948 rating decision denied his claim, finding that the disability preexisted his entry into service and was not aggravated by service. Between 1948 and 1954 appellant made a number of attempts to reopen his claim for service connection, submitting lay affidavits attesting to his physical condition before and after service as well as to an injury allegedly incurred by the veteran during service. His claim was repeatedly denied. In February 1953 appellant requested non-service-connected pension, and in September 1953 the RO denied pension benefits for lack of qualifying service. In June 1954, the RO denied the veteran's claim for service connection. The RO explained the denial in a July 1954 letter to appellant as follows: "The statement of your comrades is rebutted by the hospital report of your treatment commencing January 6, 1947 wherein there is no mention of the alleged accident but that your leg injury was caused by a fall from a tree prior to your enlistment."

In December 1988, appellant filed an application for compensation and pension.

He submitted a December 1988 report from Dr. Venicio S. Perillo, Sr., which stated, in part:

This is to certify that Private Bartolome Roaring Reonal ... has been examined this date and found to be having the following deformity:

1. Left ischial fold lower by 2″–3″.

2. Left Patella higher by 2″–3″.

3. Left heel shorter by 2″–3″.

Said deformity was acquired during his services as Philippine Scout under the Armed Forces of [t]he United States of America from July 9, 1946 to March 7, 1947 inclusive. This was recorded when he was separated at 20th Station Hospital at Pasig, Rizal, Philippines in March 7, 1947.

Upon consideration of appellant's evidence, the RO determined that new and material evidence had not been submitted to reopen his claim. In October 1990, the BVA remanded the matter to the RO to provide appellant with notice of the pertinent regulations regarding finality of the February 1948 rating decision. This case was returned to the BVA on September 10, 1991, at which time the Board found that the newly submitted evidence for the claim for service connection was not new and material. *Bartolome Reonal*, BVA 91–26832, at 5 (Sept. 10, 1991). As to appellant's claim for non-service-connected pension, the BVA determined that a well-grounded claim had not been presented because appellant did not have qualifying service for these benefits. *Id.* at 6.

## II. Analysis

### A. Pension Benefits

Non-service-connected disability pension may be awarded to a veteran of war who has qualifying service and is permanently and totally disabled. *See* 38 U.S.C.A. §§ 1502, 1521 (West 1991). A veteran meets the service requirement if he or she served in the "active military, naval, or air service" during the time periods listed in 38 U.S.C.A. § 1521(j).

■ Appellant served in the Philippine Scouts from July 1946 to March 1947. All enlistments in the Philippine Scouts between October 6, 1945, and June 30, 1947, were in the "New" Philippine Scouts. *See* 38 C.F.R. § 3.8(b) (1992); *Laruan v. Principi*, 4 Vet.App. 100 (1993). New Philippine Scouts are limited, under 38 U.S.C.A. § 107(b) (West 1991), to VA benefits for compensation for service-connected disability or death; their survivors may receive dependency and indemnity compensation for the service-connected death of the veterans. *See Laruan*, 4 Vet.App. at 101. Under section 107(b), service in the New Philippine Scouts is not deemed to be "active military, naval, or air service" for purposes of eligibility for pension benefits. *Id.* Therefore, appellant does not meet the qualifying service requisite for non-service-connected disability pension.

## B. Compensation Benefits

■ Appellant's claim for service connection was finally denied by the RO in 1954. Once a final decision has been rendered, it may be reopened only upon the submission of new and material evidence. *See* 38 U.S.C.A. §§ 5108, 7105(c) (West 1991); *Suttmann v. Brown*, 5 Vet.App. 127, 135 (1993); *Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991). New evidence is that which is not "merely cumulative of evidence in the record," and material evidence is "relevant [to] and probative of the issue at hand" and presents "a reasonable possibility that the new evidence, when viewed in context of all the evidence, both new and old, would change the outcome." *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). Whether evidence submitted to reopen a previously disallowed claim is new and material is a question of law which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992).

■ Although the BVA and the Secretary considered the affidavits submitted by appellant to be part of the newly submitted evidence, these affidavits were before the RO when it rendered its decision in 1954. Therefore, the only newly submitted evidence for purposes of the instant appeal is the 1988 medical statement made by Dr. Perillo.

The BVA found that Dr. Perillo's statement "only reflects treatment received many years after service and the conclusion reached by the physician is clearly based on the history provided by the veteran." *Reonal*, BVA 91–26832, at 5. Dr. Perillo examined appellant on one occasion, more than 40 years following appellant's separation from service. His medical opinion appears to rely at least in part, if not entirely, on appellant's recitation of his medical history. It is not clear from the record on appeal that Dr. Perillo saw any service medical records (SMRs) since it contains no separation record dated March 7, 1947, or any other SMRs referring to an in-service injury to appellant's left leg. Rather, the record contains five SMRs from January to March 4, 1947 reciting that appellant had a preexisting healed fracture of his left leg. Accordingly, the Court cannot reject as clearly erroneous the Board's finding of fact that Dr. Perillo based his opinion solely on appellant's account of his medical history; the Board's determination has "a plausible basis in the record." *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). *Cf. Swann v. Brown*, 5 Vet.App. 229 (1993) (Board not bound to accept opinions of two doctors who made diagnoses of post-traumatic stress disorder almost 20 years following appellant's separation from service and who necessarily relied on history as related by appellant. "Their diagnoses can be no better than the facts alleged by appellant."); *Black v. Brown*, 5 Vet.App. 177 (1993) (Court determined that medical evidence was inadequate where medical opinions were general conclusions based on history furnished by appellant and on unsupported clinical evidence).

We stress that the Court does not doubt the veracity of Dr. Perillo. The presumption of credibility of the evidence does not arise in this case. *See Justus v. Principi*, 3 Vet.App. 510, 513 (1992). Rather, the issue here is the basis upon which Dr. Perillo's opinion was made. Dr. Perillo relied upon appellant's account of his medical

history and service background, recitations which had already been *rejected* by the 1954 RO decision. An opinion based upon an inaccurate factual premise has no probative value. *Cf. Hadsell v. Brown,* 4 Vet. App. 208, 209 (1993) ("We also note that the Board suggested that the reported history may not have been believed. However, a credibility determination is made properly only after reopening.") Consequently, the Court holds that Dr. Perillo's statement is not "material" because it does not present "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin,* 1 Vet.App. at 174. Because of the lack of new and material evidence, the BVA correctly decided not to reopen appellant's claim for service connection.

### III. Conclusion

Accordingly, the BVA decision is AFFIRMED.