NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DENNIS E. WILSON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appelle.*

---

2010-7148

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-681, Judge Alan G. Lance, Sr.

---

Decided: May 9, 2011

---

SEAN A. RAVIN, of Washington, DC, for the claimant-appellant.

JAMES R. SWEET, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attor-

ney General, JEANNIE E. DAVIDSON, Director, MARTIN F. HOCKEY, JR., Assistant Director. Of counsel was COURTNEY S. MCNAMARA, Trial Attorney. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and CHRISTA A. SHRIBER, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

―――――――――――

Before LOURIE, GAJARSA, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Dennis E. Wilson appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court"), affirming the denial of his claim for entitlement to service connection for Meniere's disease. *Wilson v. Shinseki*, No. 09-0681, 2010 WL 2640590 (Vet. App. June 10, 2010). Because Wilson fails to raise an issue within this court's jurisdiction, we *dismiss*.

BACKGROUND

Wilson served on active duty from June 1967 to July 1980. In July 1981, Wilson filed an application seeking compensation for dizziness. In March 1983, the Department of Veterans Affairs ("VA") Regional Office ("RO") denied his claim. That decision was not appealed and became final.

In 2005, Wilson was diagnosed with Meniere's disease, the symptoms of which are hearing loss, tinnitus, and vertigo. *Id.* at *1 n.1. Wilson then filed to reopen his benefits claim with respect to Meniere's disease secondary to service-connected bilateral hearing loss and tinnitus. A VA medical examiner, Dr. James Yun, examined Wilson and concluded that, due to the twenty-five-year delay in

diagnosis and the many diverse etiologies of Meniere's, he could not relate the disease to Wilson's military service without "resorting to mere speculation." J.A. 125. Accordingly, in a June 2006 rating decision, the RO denied compensation for Meniere's disease. Wilson appealed to the Board of Veterans' Appeals ("the Board"). With his appeal, Wilson submitted two letters from a private physician, Dr. Linda P. Johnson, stating that in her opinion "Mr. Wilson's Menieres Disease is a result of acoustic trauma during military service." J.A. 71. The Board remanded for additional factual development.

On remand, Wilson submitted a letter from a second private physician, Dr. Genola Childs. J.A. 35. In that letter, Dr. Childs opined that Wilson's diagnosis of Meniere's disease more likely than not resulted from exposure to acoustic trauma during his service. In support of her opinion, Dr. Childs cited a 1998 study by Ylikoski, which reported on eighteen patients exposed to explosive noise in the military who developed Meniere's disease nine to twenty-nine years later. In contrast, a second VA medical examiner, Dr. Kathryn French, concluded that there was no medical nexus between Wilson's service and his diagnosis. In her medical evaluation, Dr. French stated that she was unable to view the entire 1988 Ylikoski study cited by Dr. Childs, but found the abstract's conclusions to be insufficient to establish service connection in light of other evidence of record, including other studies that contradicted the abstract's conclusions. The Board weighed the competing medical evidence and concluded that Wilson had failed to establish entitlement to benefits for Meniere's disease. Wilson appealed to the Veterans Court.

The Veterans Court affirmed the Board's decision to deny service connection for Meniere's disease. *Wilson*,

2010 WL 2640590, at *1. Specifically, the court rejected Wilson's claim that the Board had erred in assigning Dr. French's medical opinion probative weight despite the fact that Dr. French had failed to take into account the entire 1988 Ylikoski study. *Id.* at *3. The court determined that Dr. French had addressed the study, had explicitly noted her disagreement with its conclusions, had provided a rationale, and had cited a supportive study to explain her opinion. *Id.* Wilson timely appealed to this court.

DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We may not, however, absent a constitutional challenge, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Wilson's appeal does not present an issue within this court's jurisdiction. Wilson argues that the Veterans Court erred in not holding that the Board committed prejudicial error in assigning probative weight to Dr. French's medical opinion when the opinion was based on an incomplete review of the favorable medical evidence. But "[t]he evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations." *Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010).

Wilson attempts to frame his argument not as a factual challenge to the weight the Board assigned to Dr. French's medical opinion, but rather as a legal dispute. He does so by citing 38 U.S.C. § 5103A(d) and C.F.R. § 3.159(c)(4) and by arguing that the only relevant fact, that Dr. French did not read the entire 1988 Ylikoski study, is undisputed. We are not convinced. However one twists the argument, the substance of Wilson's challenge is a factual one: the probative weight the Board gave to Dr. French's medical opinion.

First, both § 5103A(d) and § 3.159(c)(4) recite the VA's duty to assist claimants to obtain a medical examination when necessary to make a decision on a claim. Not only are § 5103A(d) and § 3.159(c)(4) silent with respect to how the content of the necessary medical examination must be evaluated by the Board, but Wilson does not argue that the Board in any way misinterpreted the VA's duty to assist. In fact, Wilson conceded before the Veterans Court that Dr. French's opinion was "adequate for 5103A purposes." J.A. 286. Second, it is irrelevant that Dr. French admits reading only the abstract of the 1988 Ylikoski study. The existence of undisputed facts does not transform the weight the Board gives those facts into a legal issue.

Finally, *Fagan v. Shinseki*, cited by Wilson, is not to the contrary. 573 F.3d 1282 (Fed. Cir. 2009). In *Fagan*, we concluded that the claimant had challenged the Veterans Court's interpretation of the benefit-of-the-doubt rule, 38 U.S.C. § 5107(b). *Id.* at 1285-86. Wilson, in contrast, does not claim that the Veterans Court misinterpreted 38 U.S.C. § 5103A(d), C.F.R. § 3.159(c)(4), or any other statute or regulation. Rather, he claims only that the

Veterans Court erred in its factual determination of the probative weight to give a medical opinion.[1]

We have considered Wilson's other arguments and find them unpersuasive. Because Wilson's appeal fails to raise an issue within this court's jurisdiction, we *dismiss*.

**DISMISSED**

COSTS

No costs.

---

[1]    This case is also unlike the cases Wilson cites in which an examiner based an opinion on an inaccurate factual premise or simply did not review the veteran's files before rendering an opinion. *See, e.g.*, *Bielby v. Brown*, 7 Vet. App. 260, 268 (1994) (giving no evidentiary value to a preliminary opinion that was rendered without reviewing a claimant's file at all); *Reonal v. Brown*, 5 Vet. App. 458, 460-61 (1993) (finding that an opinion based on incorrect facts does not constitute "material" evidence for purposes of reopening a claim).