﻿Citation Nr: 18106787
Decision Date: 05/31/18 Archive Date: 05/31/18

DOCKET NO. 14-21 923
DATE: May 31, 2018
ISSUES DECIDED: 0 ISSUES REMANDED: 2
 
REMANDED ISSUES
Entitlement to service connection for a bilateral knee disability and bilateral hearing loss are remanded for additional development.
The Veteran served on active duty from July 1966 to July 1970. He reported serving in the Georgia National Guard with periods of active duty for training (ACDUTRA) or inactive duty for training (INACDUTRA), which have not been verified. 
In both August 2017 and February 2018, the Veteran testified at a videoconference hearing before an undersigned Veterans Law Judge (VLJ). Both hearing transcripts are associated with the record. At the February 2018 hearing, the Veteran waived his right to a third hearing with a VLJ who would be assigned to a panel to decide his appeal in accordance with Arneson v. Shinseki, 24 Vet. App. 379, 386-89 (2011). 
The evidentiary record is incomplete. Specifically, at both Board hearings, the Veteran indicated that the claims file only contains service treatment records from his time in the National Guard. See February 2018 Board hearing transcript; August 2017 Board hearing transcript. While the claims file contains enlistment and separation physicals for the Veteran, it does not contain records of medical treatment while he was on active duty. At both Board hearings, the Veteran mentioned seeing a flight surgeon and being placed on light duty a few months before his June 1970 separation because of his knees. Id. Therefore, on remand, the AOJ should obtain the Veteran’s outstanding service treatment records.
Further, the record raises the issue of whether the Veteran was injured on ACDUTRA while in the National Guard. National Guardsmen may be eligible for VA benefits when called into service of the United States, such as when called into active duty or required by federal law to participate in drills, field exercises, arms competitions, or military school. See Allen v. Nicholson, 21 Vet. App. 54, 57-58 (2007) (holding that a National Guardsmen must have been ordered into Federal service by the President of the United States or must have performed “full-time duty”). 
Specifically, an investigation report described an incident in June 1984 where, as a member of the National Guard, the Veteran took a blow to the left knee while off-loading mobility equipment from a cargo pallet, causing his knee to swell. See June 1984 investigation report. The official superior’s report of traumatic injury stated that the Veteran was in performance of duty at the time of injury and the medical reports showed he was disabled for work. See June 1984 superior’s report. The doctor stated that the Veteran was unable to resume work for two days and had a contusion of the left knee. See June 1984 duty status report. Nevertheless, the Board cannot discern whether the Veteran’s injury took place while on ACDUTRA or INACDUTRA from the claims file as constructed. Thus, a remand is necessary in order to obtain the dates of the Veteran’s confirmed ACDUTRA and INACDUTRA with the National Guard. 
As to bilateral hearing loss, the Veteran obtained a VA examination in September 2012. While the examination references the June 1970 separation physical, the Board cannot discern whether the examiner had a full record to review before offering a nexus opinion. An opinion based on an inaccurate factual premise has no probative value. See Reonal v. Brown, 5 Vet. App. 458, 460 (1993). Further, the Board notes that the examination took place in September 2012 and the Veteran has stated his hearing loss has worsened. As evaluated almost six years ago, the Veteran does not have hearing loss for VA purposes in his right ear. See September 2012 VA examination. Thus, a new VA examination and opinion is appropriate upon remand.
As to his knees, the Veteran has attested that his bilateral knee disability emanated from cumulative wear and tear during active duty. Consistent with VA’s duty to assist, VA must provide a medical examination when there is evidence of (1) a current disability; (2) an in-service injury; (3) some indication that the claimed disability may be associated with the established injury; and (4) insufficient competent evidence of record for VA to make a decision. See McClendon v. Nicholson, 20 Vet. App. 79, 84 (2006); see also 38 U.S.C. § 5103A(d)(2) (2012); 38 C.F.R. § 3.159(c)(4)(i) (2017). The third prong, which requires evidence that the claimed disability or symptoms “may be” associated with the established event, has a low evidentiary threshold. See 20 Vet. App. at 83. 
Here, the low evidentiary standard is met, as the Veteran credibly testified that he complained of knee pain since service and has been diagnosed with bilateral knee arthritis. Further, as stated above, the Veteran sustained a left knee injury in June 1984. Therefore, a VA examination is necessary to determine if the Veteran’s bilateral knee disability is attributable to his time in active service. See Id. 
 
The matters are REMANDED for the following action:
1. In accordance with all procedures, verify through the appropriate department or records repository whether the Veteran had ACDUTRA or INACDUTRA during National Guard service. All verified dates of ACDUTRA/INACDUTRA should be noted in a memorandum and associated with the claims file.
If the AOJ finds that there are no periods of ACDUTRA/INACDUTRA, this should be documented in the claims file and the AOJ should notify the Veteran and his representative. Otherwise, the AOJ should notify the Veteran and his representative of any period(s) of ACDUTRA and/or INACDUTRA that have been verified.
2. Obtain the Veteran’s complete service personnel records and service treatment records, to include service treatment records from July 1966 to July 1970.
The AOJ must perform all necessary follow-up indicated. If the records are not available, or a negative response is received, the AOJ should make a formal finding of unavailability, advise the Veteran and his representative of the status of his records, and give the Veteran the opportunity to obtain the records on his own.
3. After completing remand directive 2, and after any records obtained have been associated with the evidentiary record, schedule the Veteran for an examination to determine the nature and etiology of his bilateral hearing loss. The evidentiary record, including a copy of this remand, must be made available to and reviewed by the examiner. The examination report must include a notation that this record review took place.
After the record review and examination of the Veteran, the VA examiner is asked to respond to the following inquiry:
Is it at least as likely as not that the Veteran’s bilateral hearing loss was either incurred in, or is otherwise related, to his time on active service, to include excessive noise exposure as a weapons mechanic? 
In rendering this opinion, the examiner is advised that the Veteran is competent to report his symptoms and history. Such reports must be acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran’s reports, he or she must provide an explanation for such rejection. The examiner is not to improperly discount the Veteran’s lay statements or mistakenly rely on an absence of medical evidence in the record to support his or her conclusions. 
Further, for the purposes of the opinion, the examiner is to assume excessive noise exposure during service. He or she should discuss the Veteran’s claim that he did not utilize protective wear during service. 
4. After completing remand directives 1 and 2, and after any records obtained have been associated with the evidentiary record, schedule the Veteran for an examination to determine the nature and etiology of his bilateral knee disability, currently diagnosed as arthritis. The evidentiary record, including a copy of this remand, must be made available to and reviewed by the examiner. The examination must include a notation that this record review took place. 
After the record review and examination of the Veteran, the VA examiner should identify all bilateral knee disabilities present. For each identified bilateral knee disability, the examiner is asked to respond to the following inquiry:
Is it as likely as not that the Veteran’s bilateral knee disability was incurred in, or is otherwise related, to his time in service, to include the cumulative wear and tear on his knees and/or a documented left knee injury in June 1984? 
In rendering this opinion, the examiner is advised that the Veteran is competent to report his symptoms and history. Such reports must be acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran’s reports, he or she must provide an explanation for such rejection. The examiner is not to improperly discount the Veteran’s lay statements or mistakenly rely on an absence of medical evidence in the record to support his or her conclusions.
Further, the examiner is to discuss the Veteran’s documented injury in June 1984. In addition, the examiner should discuss the Veteran’s statements describing cumulative wear and tear on his knees while working below aircraft without knee pads. 
The complete rationale for all opinions should be set forth and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. 
If an opinion cannot be provided without resorting to mere speculation, the examiner must provide a complete explanation for why an opinion cannot be rendered. In so doing, the examiner must explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).
5. After the above development has been completed, readjudicate the claims. If any benefit sought remains denied, provide the Veteran and his representative with a supplemental statement of the case (SSOC), and return the case to the Board.
 
 
ERIC S. LEBOFF
Veterans Law Judge
Board of Veterans’ Appeals
 
 
G. A. WASIK
Veterans Law Judge
Board of Veterans’ Appeals
 
 
DONNIE R. HACHEY
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD M. Salazar, Associate Counsel