﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/19 Archive Date: 01/28/19

DOCKET NO. 181015-583
DATE: January 29, 2019

ORDER

Service connection for posttraumatic stress disorder (PTSD) with alcohol use disorder, opioid use disorder, and anxiolytic use disorder is granted.

FINDING OF FACT

The Veteran’s PTSD is related to her in-service stressor. 

CONCLUSION OF LAW

The criteria for service connection for PTSD have been met. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.304.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran selected the Supplemental Claim lane when she submitted the RAMP election form. Accordingly, the September 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

In the September 2018 RAMP decision, the AOJ found that new and relevant evidence was submitted to warrant readjudicating the claim for service connection for PTSD. The Board is bound by this favorable finding. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

1. PTSD

The Veteran contends that she has PTSD due to two in-service stressors. The first being a motor vehicle accident (MVA) that occurred while she was in service in Kosovo. The second stressor involved sexual harassment. 

The Board notes that the Veteran’s service medical records show she was involved in a MVA in January 2007 which injured her knee and shoulder. 

Entitlement to service connection for PTSD requires evidence of three elements: (1) a current diagnosis of PTSD under the DSM-5; (2) credible supporting evidence that an in-service stressor occurred; and (3) medical evidence of a link or nexus between current PTSD symptoms and the in-service stressor. 38 C.F.R. § 3.304(f). If one of the exceptions under § 3.304(f) applies, lay testimony alone may be enough to establish that the in-service stressor occurred.

VA treatment records dated August 2015 to May 2018 show a diagnosis of PTSD. In an August 2015 VA progress note, the physician gave a diagnosis of opiate use disorder, adjustment reaction versus depressive disorder, and rule out PTSD. In a subsequent August 2015 note, a VA psychologist reported a DSM-5 diagnosis of PTSD. The psychologist indicated the Veteran reported a history of sexual trauma and trauma related to a serious car accident while active duty in Kosovo. She reported a longstanding history of opioid and alcohol abuse, likely contributing to current emotional lability. In a May 2017 VA progress note, a staff physician, Dr. M., indicated the Veteran was in Kosovo in 2007 when she had a bad MVA, which resulted in her PTSD symptoms. Her close buddy also died in an MVA, adding to her symptoms. 

Private treatment records dated in December 2012 and January 2015 show diagnoses of anxiety and depression.

In a May 2018 letter, Dr. M. stated he has been treating the Veteran since December 2016. Due to her disability, PTSD due to combat experience, she has certain limitations regarding some social interaction, coping with stress, and anxiety. 

In a July 2018 letter, Dr. M. stated the Veteran is being seen for ongoing care. She was with the Army National Guard in Kosovo in 2007 when she had a traumatic MVA which resulted in her current PTSD symptoms. A close friend died in an accident and this aggravated her symptoms. 

The Veteran has undergone two VA examinations. The first, dated in February 2016, showed the Veteran did not meet the diagnostic criteria for a diagnosis of PTSD. The examiner noted diagnoses of opiod, benzodiazepine, and alcohol use disorders. The examiner noted the Veteran reported mental health difficulties (depression with treatment) prior to her military service, as well as a traumatic event prior to service. She denied hallmark symptoms of PTSD such as reexperiencing or significant avoidance. The Veteran reported she has periodic anxiety currently with panic attack like symptoms which she attributes to driving; however, she stated she did not notice this was related to driving until November of 2015. This is inconsistent with another statement she made in which she described anxiety related to driving in service. She denied reporting mental health concerns in service or seeking treatment related to her mental health in service. She reported driving in the past to work and continues to drive now. She drove to the appointment today. The examiner noted that the Veteran’s substance abuse disorders are currently in remission in a controlled environment and her current reports of anxiety are withdrawal effect from withdrawing from these substances. 

The Board recognizes that the Veteran also underwent a VA examination in August 2018. However, the Board finds this examination is to be of little persuasive value due to multiple inconsistent statements. During the examination, the Veteran reported she had no pre-military mental health treatment or problems. However, this is contradicted by the Veteran’s reports of treatment for depression and a sexual assault prior to service in 2002. Further, the Veteran denied any alcohol or drug abuse prior to service, yet the Veteran reported the sexual assault happened during a drug and alcohol induced stupor. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007); Reonal v. Brown, 5 Vet. App. 458, 460-61 (1993) (a medical opinion based on inaccurate factual premise has no probative value).

Nonetheless, the Board finds the evidence is in equipoise. Although the February 2016 VA examiner found no current diagnosis of PTSD, the August 2015 VA treatment records include a DSM-5 diagnosis of PTSD and link the current diagnosis of PTSD to the in-service stressors. When reasonable doubt is resolved in the Veteran’s favor, the Board finds that her PTSD is related to an in-service stressor. As a result, service connection for PTSD is warranted.

 

MATTHEW TENNER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Diane M. Donahue Boushehri, Counsel