﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190416-13158
DATE: September 26, 2019

ORDER

Service connection for diabetes mellitus is denied.

Service connection for depression, as secondary to diabetes mellitus, is denied.

Service connection for erectile dysfunction, as secondary to diabetes mellitus, is denied.

Service connection for poor circulation in hands and feet, as secondary to diabetes mellitus, is denied.

FINDINGS OF FACT

1. The Veteran did not serve in Republic of Vietnam or otherwise demonstrate actual exposure to herbicide agents during active service. Herbicide agent exposure is not presumed.

2. The Veteran’s diabetes mellitus did not manifest in service or to a compensable degree within one year of separation from active service, and is otherwise unrelated to service.

3. The Veteran’s depression, erectile dysfunction, and poor circulation in hands and feet conditions are not caused or aggravated by a service-connected disability.

CONCLUSIONS OF LAW

1. The criteria for service connection for diabetes mellitus, as due to herbicide agent exposure, have not been met. 38 U.S.C. §§ 1110, 1116, 5107; 38 C.F.R. §§ 3.303, 3.307, 3.309.

2. The criteria for service connection for depression, as secondary to diabetes mellitus, have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

3. The criteria for service connection for erectile dysfunction, as secondary to diabetes mellitus, have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

4. The criteria for service connection for poor circulation in hands and feet, as secondary to diabetes mellitus, have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board notes that the rating decision on appeal was issued in April 2019. In the same month, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran served on active duty from December 1972 to December 1974. He timely appealed the April 2019 rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated during active service. 38 U.S.C. §§ 1110; 38 C.F.R. § 3.303(a). Service connection may be granted on a presumptive basis for certain diseases, such as diabetes mellitus, associated with exposure to certain herbicide agents, even though there is no record of such disease during service, if they manifest to a compensable degree any time after service, in a veteran who had active military, naval, or air service for at least 90 days, during the period beginning on January 9, 1962 and ending on May 7, 1975, in the Republic of Vietnam, including the waters offshore, and other locations if the conditions of service involved duty or visitation in Vietnam. 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307, 3.309(e), 3.313.

Secondary service connection may be granted for a disability that is proximately due to or the result of a service-connected disability and includes the concept of aggravation of a nonservice-connected disability by a service-connected disability. 38 C.F.R. § 3.310(a); Allen v. Brown, 7 Vet. App. 439 (1995).

The Board has therefore limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).

1. Entitlement to service connection for diabetes mellitus, as due to herbicide agent exposure.

The Veteran seeks service connection for diabetes mellitus on the theory that he was exposed to herbicide agent residue during service. He reports that he was first diagnosed with diabetes mellitus in 1997. 

Under the Appeals Modernization Act (AMA), favorable findings made by the AOJ are binding on the Board. In this case, the AOJ made a favorable finding that the Veteran has a current diagnosis of diabetes mellitus that was shown in VA and private treatment records. 

The Board has considered the places, types, and circumstances of the Veteran’s service pursuant to 38 U.S.C. § 1154(a). However, after reviewing the evidence, the Board finds service connection is not warranted for diabetes mellitus.

The primary question for the Board is whether the Veteran was actually exposed, or can be presumed to have been exposed, to herbicide agents during service. The weight of the evidence is against a finding of exposure to herbicide agents during service. 

The Veteran’s Form DD 214 reflects he did not have overseas service. His service personnel records show service at Camp Pendleton from July 1973 to December 1974. He has not otherwise contended that he had service in the Republic of Vietnam or Thailand. The Veteran is not presumed to have had in-service exposure to herbicide agents. 38 U.S.C. § 1116(f); 38 C.F.R. §§ 3.307(a)(6)(iii).

The Veteran is not precluded from proving actual exposure though. See Combee v. Brown, 5 Vet. App. 248 (1993); 38 C.F.R. § 3.303(d). In this case, however, the evidence does not persuasively establish actual exposure to herbicide agents in service. 

The Veteran asserts that he was exposed while performing his military occupational specialty (MOS) duties as wrecker driver in the motor pool at Camp Pendleton from March 1974 to December 1974. His MOS duties involved driving a wrecker from Camp Pendleton to San Diego at least 3 days per week to haul broken trucks from the Navy ships that transported cargo from Vietnam. He had to repair the trucks roadworthy enough to tow back to Camp Pendleton and believed that he was in contact with Agent Orange residue during these repairs, which sometimes took hours. See January 2019 VA Form 21-4138, Statement in Support of Claim.

In support of his claimed exposure, the Veteran submitted an affidavit from M.C.C. who attested that he was stationed at Camp Pendleton during the time the Veteran was stationed there. During that time, the First Marine Division was in the process of moving trucks that had been used in the battlefield in Vietnam back to Camp Pendleton. The disabled trucks were shipped from Vietnam to San Diego and then transported to Camp Pendleton by wrecker. He interacted with the Veteran where he worked and observed what he did in the motor pool. M.C.C. also attested that as a wrecker driver, the Veteran was responsible for recovering disabled trucks from a military ship in San Diego to bring them back to Camp Pendleton for repair or salvage. His former spouse, M.R., reported that while he was stationed at Camp Pendleton, she resided with him there, for most of the time. She attested that part of his duties there was to recover trucks from San Diego to bring them back to Camp Pendleton.

The Veteran’s service personnel records show that he was assigned to the First Marine Division at Camp Pendleton, as a motor vehicle operator between July 1973 and December 1974. His Form DD 214 show his MOS as auto mechanic. However, there is no official service department record or other competent and credible evidence establishing that the Veteran was actually exposed to herbicide agents during service. The Veteran has not otherwise provided any evidence that officially corroborates exposure to herbicide agents, to include Agent Orange, during service. M.C.C. or M.R. have not provided any evidence to support his allegation of direct exposure to herbicide agents during service, other than their lay contentions. The Board notes that a determination of whether an object or individual has been exposed or contaminated with an herbicide agent, upon mere sight alone, is not within the Veteran’s ability as a lay person. Furthermore, he, M.C.C., and M.R. have not demonstrated that they are experts in identifying Agent Orange or that they otherwise have a sound basis for knowing that he was exposed to it. In other words, the Veteran, M.C.C., and M.R. are not competent to assert that he had direct exposure to herbicide agents by touching or working on trucks in service. For these reasons, the preponderance of the evidence indicated that the Veteran was not exposed to herbicide agents in service. 

The Veteran has not provided any other argument with respect to an in-service injury or event, and in-service exposure to herbicide agents is not shown. There also is no competent evidence showing diabetes mellitus onset during service or is otherwise related to service.

The Veteran’s service treatment records, including a December 1974 separation examination, do not contain a diagnosis of diabetes mellitus. There were no records within one year of service that showed a diagnosis of diabetes mellitus. Current VA post-treatment records note a history of diabetes mellitus, but do not discuss etiology.

In January 2019, the Veteran submitted a letter from his private physician, Dr. S. Dr. S. has been treating the Veteran since May 1997 for his diabetes mellitus. He noted the Veteran reported that he was initially diagnosed in 1997. Dr. S. also noted the Veteran had ‘significant military service history that also include[d] probable exposure to Agent Orange.’ Dr. S. noted the link between diabetes mellitus and Agent Orange exposure has been well-established and well-documented in medical literature for many individuals with this similar history. However, as noted above, the preponderance of the evidence indicated that the Veteran was not exposed to an herbicide agent during service. As such, Dr. S.’s opinion is deemed to be based on an incorrect factual predicate and, therefore, afforded no probative value. Reonal v. Brown, 5 Vet. App. 458, 460-61 (1993).

There is no other competent and probative evidence showing the Veteran’s current diabetes mellitus onset in service or is otherwise related to service. While the Veteran is competent to report observable symptoms, he has not shown that he has the education or training to provide a nexus opinion regarding the etiology of a complex medical condition such as diabetes mellitus. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). His lay assertion is thus not competent.

As a nexus between service and diabetes mellitus is not established, service connection on a direct basis is not warranted.

There also is no competent evidence to show that diabetes mellitus manifested to a compensable degree within one year of separation from service. The Veteran reported that he was not diagnosed with diabetes mellitus until 1997, which was many years after service. There is no evidence (either lay nor medical) that diabetes mellitus was noted in service with continuity thereafter. Therefore, service connection is not warranted pursuant to 38 C.F.R. § 3.309(a) or 3.303(b).

As the preponderance of the evidence is against the claim, the benefit of the doubt rule does not apply. The claim of entitlement to service connection for diabetes mellitus is denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

2. Entitlement to service connection for depression, erectile dysfunction, and poor circulation in hands and feet, as secondary to diabetes mellitus.

The Veteran asserts that the conditions noted above are all caused by his diabetes mellitus. He does not contend, nor does the evidence show, that these conditions had onset in or are directly related to service. See January 2019 VA Form 21-4138, Statement in Support of Claim. Thus, the Board will examine these claims on a secondary service connection basis, pursuant to 38 C.F.R. § 3.310(a). 

Regarding the conditions of depression and erectile dysfunction, the AOJ has provided favorable findings of current diagnoses, as established by VA and private treatment records. The AOJ did not provide a favorable finding with respect to the poor circulation in hands and feet.

Regardless of the favorable findings, secondary service connection is not warranted in this case. The Board has determined that service connection for diabetes mellitus is not warranted. As a result, secondary service connection is not possible for depression, erectile dysfunction. See 38 C.F.R. § 3.310; Harder v. Brown, 5 Vet. App. 183, 187-89 (1993). There are no additional service connection theories to consider, based on the Veteran’s contentions. The preponderance of the evidence weighs against the claims of service connection for depression, erectile dysfunction, and poor circulation in hands and feet; consequently, the claims must be denied. Therefore, the benefit of the doubt rule does not apply, and service connection is not warranted. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

D. JOHNSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Tang, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.