﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 190109-48428
DATE: December 31, 2019

ISSUE

Entitlement to service connection for a bilateral hearing loss disability.

REMANDED

Entitlement to service connection for a bilateral hearing loss disability is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the Army from October 1954 to October 1956. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a March 2018 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) which denied entitlement to the benefits currently sought on appeal.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran selected the Evidence Submission lane without a Board hearing when he opted in to the Appeals Modernization Act (AMA) review system by submitting a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)). Accordingly, the Board will consider the evidence of record at the time of the March 2018 rating decision, and evidence submitted within 90 days of the election of the Evidence Submission lane in December 2019.

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900 (c). 38 U.S.C. § 7107 (a)(2).

The Board also notes that in the Veteran’s October 2018 Notice of Disagreement [NOD], he complained of a “constant ringing in [his] ears,” more commonly referred to as tinnitus. While the Veteran’s November 2018 amended NOD included tinnitus as a separate disability, he has not formally made a claim for entitlement to service connection for tinnitus, nor has a decision been rendered as to that disability. As such, that issue is not currently before the Board. Should he wish to claim entitlement to service connection for tinnitus, the Veteran is invited to file the requisite 21-526EZ Application for Disability Compensation and Related Compensation Benefits form.

The Board finds that additional evidentiary development is required before the claims on appeal are adjudicated.

Entitlement to service connection for a bilateral hearing loss disability is remanded.

The Veteran is claiming that his bilateral hearing loss is related to service. Specifically, in the Veteran’s Notice of Disagreement (NOD) from October 2018, the Veteran wrote that his hearing has declined, and that his hearing was “getting worse at [the] firing range at air base on duty [and that] loud jet-aircraft [would] take off,” but the Veteran had “no ear plugs.” The Veteran further wrote that he disagreed with the recent examination and conclusion by the VA audiologist, and that the RO should have access to all of his service records. He further wrote that, although he never complained while in service, he cannot “see how this situation would have occurred in civilian life.”

To establish an entitlement to service connection, the Veteran must establish (1) the existence of a present disability, (2) an in-service occurrence or aggravation of a disease or injury, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. 38 C.F.R. § § 3.303(a).

To begin, the Veteran’s claims file includes an opinion from a private audiologist from November 2018. The private audiologist indicated that the Veteran was examined in-person for his bilateral hearing loss. There is no indication that the Veteran’s claims file was reviewed. During the exam, the Veteran informed the private examiner that “he was often exposed to noise from firearms and jet engines … [and that] he reports decreased hearing and constant tinnitus bilaterally.” The private audiologist diagnosed the Veteran with bilateral hearing loss and tinnitus. Following that, the private examiner opined that the Veteran’s “hearing loss and tinnitus are likely due to his military experience, particularly his exposure to loud firearm and jet engine noise.” 

Thus, the private examiner from November 2018 provided a positive nexus opinion for the Veteran’s bilateral hearing loss. Despite that conclusion, it appears that the Veteran’s claims file was not reviewed. Furthermore, it is evident that the private examiner based their opinion entirely on the personal history as provided by the Veteran. A medical opinion may be inadequate where the medical opinions are general conclusions based on history furnished by the appellant and on unsupported clinical evidence. Reonal v. Brown, 5 Vet. App. 458, 460 (1993).

The Veteran was also given a VA examination in July 2017. The Veteran was seen for an in-person examination, however the VA examiner indicated that there was “no record of previous hearing testing in the military … available for review.” After audiological testing, the Veteran was diagnosed with bilateral sensorineural hearing loss. The examiner was asked to provide an etiological opinion, however for each ear, the VA examiner wrote that

there were no records available to review showing hearing levels before and after military service in the 50s therefore I am unable to provide an opinion without resorting to speculation.

Thus, the examiner was unable to reach an opinion, due to the lack of available service records.

When an examiner concludes that an opinion cannot be rendered without resorting to mere speculation, it must be clear that the inability to opine on questions of diagnosis and etiology is not the initial impression of an uninformed examiner, but is an assessment arrived at after all due diligence in seeking relevant medical information that may have bearing on the requested opinion. Jones v. Shinseki, 23 Vet. App. 382, 389 (2010). If an opinion cannot be rendered without resorting to mere speculation, that conclusion is insufficient if the examiner does not explain the basis for that opinion or the basis is not otherwise apparent from the record. Id.

Here, the examiner clearly indicated that an opinion could not be formed as the Veteran’s service treatment records were not available for review. Thus, the Veteran’s claim must be remanded for an exhaustive search of the Veteran’s service records, and then the Veteran’s claim must be forward to an appropriate VA examiner for another etiological opinion. See Jones.

The Board notes that the Veteran’s claims file includes evidence of a records search from May 2017, and again in September 2017. In correspondence from February 2018, the RO requested that the Veteran provide information with the organization to which he was assigned. The Veteran responded in March 2018 with more specific information as to his assigned Air Force Base, his Military Police Unit, his Company, and his Command. It is unclear if the RO conducted an exhaustive search for the Veteran’s records after receiving this new information. Therefore, upon remand, an exhaustive records search must take place, and the Veteran’s claims file must include evidence of such search and a summary of any findings.

The matters are REMANDED for the following action:

1. Conduct an exhaustive search for the Veteran’s service treatment records, and military personnel records and associate such records with the Veteran’s claims file. A search compliant with 38 C.F.R. § 3.159 must be conducted, and upon completion, a record of such search must be included within the claims file.

The RO is reminded that the Veteran submitted correspondence from March 2018 with information to assist the RO in their search. 

2. Only after the completion of the above, schedule the Veteran for a VA examination, by an appropriate examiner, to determine the nature, etiology and severity of his bilateral hearing loss. The examiner is requested to review the claims folder, to include this remand.

Any indicated studies or diagnostic tests should be performed, and all clinical findings must be reported in detail. 

Based on the examination results and a review of the record, the examiner should provide an opinion as to the whether it is at least as likely as not (a probability of 50 percent or greater) that the Veteran’s bilateral hearing loss, is related to an event, disease or injury during active service. 

In formulating the opinions, the term “at least as likely as not” does not mean “within the realm of possibility.” Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against.

Any opinions offered should be accompanied by the underlying reasons for the conclusions. If the examiner is unable to offer any of the requested opinions, it is essential that the he or she offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 382 (2011).

 

 

Michael A. Pappas

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G. Mulrain, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.