﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/30/20

DOCKET NO. 191127-46151
DATE: January 31, 2020

REMANDED

Service connection for bilateral hearing loss is remanded.

REASONS FOR REMAND

The Veteran served on active duty from May 1961 to May 1964.

The case is on appeal from a rating decision issued in December 2018, which denied service connection for hearing loss and tinnitus. In March 2019, the Veteran filed a notice of disagreement regarding the denial of service connection for hearing loss, and in November 2019 the RO issued a statement of the case. The appeal was pending under the former Legacy system.

Recently, Congress enacted the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). The implementation date for the AMA was February 19, 2019. 

On November 27, 2019, the Veteran opted to have his Legacy appeal decided under the modernized review system and requested Direct Review by a Veterans Law Judge. See Veteran’s November 2019 VA Form 10182 Decision Review Request: Board Appeal [Notice of Disagreement]. The Veteran’s appeal of the December 2018 Legacy decision is accordingly to be adjudicated as under the AMA. See the December 5, 2019 letter from the Board to the Veteran regarding the Board’s placement of the appeal on the Direct Review docket. 

For AMA opt-in appeals, the period on appeal closes when the opt-in form was received by VA. Here, because this Veteran opted into the modernized system via his November 2019 VA Form 10182, the end of the appeal period is November 27, 2019 - the date VA received the VA Form 10182 election form. 

For the record, the Board notes that in his December 2019 brief, the Veteran’s representative included the issue of service connection for tinnitus. However, that issue was not appealed by the Veteran in his March 2019 notice of disagreement, or included in the RO’s November 2019 statement of the case. The issue of service connection for tinnitus is thus not separately addressed in this decision.

1. Service connection for bilateral hearing loss is remanded.

The Veteran seeks service connection for hearing loss, which he attributes to direct exposure to aircraft noise and weapons fire during service. He adds that he worked as an insurance broker and had no hazardous noise exposure after service. 

Given the Veteran’s duties as an Engine Airplane Mechanic, it is established that the Veteran was exposed to loud noise during service. 

In November 2018, the Veteran was afforded a VA Hearing Loss and Tinnitus examination. The diagnosis was mild sloping to profound sensorineural right and left ear hearing loss, which the examiner opined was not related to service because “his exit audiogram showed normal hearing bilaterally with no threshold shift.” However, the undersigned observes that the Veteran’s bilateral hearing did in fact undergo a right ear threshold shift at 4000 Hertz, and a left ear threshold shift at 500, 1000, and 2000 Hertz during service. See Veteran’s March 1961 enlistment and April 1964 separation examination reports. Remand for re-review by the examiner of the Veteran’s military records and an addendum opinion is warranted. See Reonal v. Brown, 5 Vet. App. 458, 461 (1993). See also Hensley v. Brown, 5 Vet. App. 155, 157, 159-160 (1993) (holding that 38 C.F.R. § 3.385 “does not preclude service connection for a current hearing disability where hearing was within normal limits on audiometric testing at separation from service;” and that VA examiners should consider and directly address any in-service shifts of acuity thresholds). 

The matter is REMANDED for the following action:

Send the claims file back to the November 2018 VA audiology examiner for re-review of the military records. The examiner should then opine as to whether the shift in auditory thresholds shown at service separation represented a precursor to the Veteran’s current hearing loss.

A discussion of the facts and the medical principles involved will be of considerable assistance to the Board.

In formulating the requested opinion, the examiner must address the Veteran’s contention of no noise exposure since service. 

 

 

E. Blowers

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. Childers, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.