﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190506-19732
DATE: June 16, 2020

ORDER

Entitlement to service connection for chronic migraine headaches is granted.

FINDING OF FACTS

The evidence of record is at least of relative balance as to whether the Veteran’s disability of chronic migraine headaches began in service with continuity of symptomatology after her separation from active military service.

CONCLUSION OF LAW

Resolving all reasonable doubt in the Veteran’s favor, the criteria for establishing entitlement to service connection for chronic migraine headaches have been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 5107(b); 38 C.F.R. §§ 3.102, 3.303, 3.207, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The law went into effect in February 2019.

The Veteran served on active duty in the United States Army from June 1996 to February 2002. She also served in a reserve component of the military from February 16, 2002, to May 11, 2005. The appeal comes to the Board of Veterans’ Appeals (Board) from a May 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). The Veteran filed VA Form 10182, Decision Request Review: Board Appeal (Notice of Disagreement (NOD)) in May 2019 and requested a hearing before a Veterans Law Judge.

In March 2020, the Veteran testified at a Board hearing before the undersigned Veteran’s Law Judge (VLJ). The hearing transcript has been associated with the claims file. Within the 90-day evidence submission period, the Veteran submitted private medical records and examinations from the Neurology Consults of Central Alabama, covering the period from March 2009 to September 2019. The Board will consider this additional evidence for purposes of deciding this appeal. 

Under the laws administered by VA, service connection may be granted for a disability resulting from personal injury suffered or disease contracted, or for aggravation of a preexisting injury suffered or disease contracted, in the line of duty in active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a).

To establish service connection the following elements must be satisfied: (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus, or link, between the current disability and the disease or injury incurred or aggravated during service. Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

The Veteran contends that she is entitled to service connection for chronic migraine headaches. Specifically, the Veteran testified to the effect that she was treated for headaches in 1996; and, when she discharged from service, she continued to experience headache symptoms for which she sought treatment and was diagnosed with migraine headaches. See March 2020, Hearing Testimony.

The record evidence establishes that the Veteran has a current diagnosis of chronic migraine headaches. See May 2019, Rating Decision (Favorable Finding: The Veteran has been diagnosed with a disability; April 2019 VA examination report shows a diagnosis of migraine headaches); 38 C.F.R. § 3.104(c) (2019) (The Board is bound by the favorable finding of the Agency of Original Jurisdiction (AOJ)).

Additionally, the service treatment records reflect that the Veteran was treated in January 1997 for severe headaches, which she had suffered for two weeks. See January 1997, Service Treatment Record (noting treatment for headaches with duration of two weeks). Furthermore, on a December 2002 report of medical history, the Veteran endorsed no frequent or severe headaches; and on her December 2002 report of medical examination, the clinician made no neurological findings or further expanded upon any reporting of headaches. The Veteran was discharged from active duty service months earlier in February 2002. 

The Board recognizes that the Veteran’s current diagnosis of migraine headaches may be considered a chronic disease falling under the category of “other organic diseases of the nervous system.” 38 C.F.R. § 3.309(a). As such, the continuity of symptomatology framework under 38 C.F.R. § 3.303(b) is applicable. See Walker v. Shinseki, 708 F.3d 1331, 1338-39 (Fed. Cir. 2013) (“Proven continuity of symptomatology establishes the link, or nexus, between the current disease and serves as the evidentiary tool to confirm the existence of the chronic disease while in service”). Service connection based on continuity of symptomatology requires the Veteran to show (1) a condition “noted” in service, (2) evidence of post-service continuity of the same symptoms, and (3) medical or lay evidence establishing a nexus between the current disability and the post-service symptoms. See Fountain v. McDonald, 27 Vet. App. 258, 263-64 (2015).

Here, the Veteran’s service treatment records reflect that a two-week period of severe headaches was noted in January 1997, but frequent or severe headaches were not endorsed by the Veteran in December 2002, shortly after her separation from active duty. While the medical evidence of record does not indicate a diagnosis of chronic migraine headaches in service, or when the Veteran was examined in the months after her active duty service, she did attest during the course of the March 2020 hearing that her headaches symptoms continued after her discharge from active duty and were of the same type she experienced in service, which were diagnosed post-service as chronic migraine headaches. Additionally, when the Veteran was treated by both the Neurology Consults of Alabama in March 2009, and by VA emergent care in November 2013, she related that her headaches were severe for which she has been experiencing for many years, and that her symptoms continued to increase and worsen over the years. Specifically, in March 2009, the private neurologist diagnosed the Veteran with migraine headaches, explaining that her description of headaches, associated features, location, and the fact that she has had these headaches for years were all consistent with the migraine headaches diagnosis. In November 2013, the VA neurology clinician noted the Veteran’s emergent care visit for severe headaches she has had for many years and her long history of migraine headaches that have been managed by a neurologist; the diagnosis was chronic migraine headaches. 

In this context, the April 2019 VA examiner provided a negative opinion, but this medical opinion is of limited probative value. The VA medical opinion was based on no records diagnosing migraine headaches in service and on a December 2002 report of medical history that indicated the Veteran had no headaches at that time. Although the VA medical opinion reflects that there is no causal link between the headaches noted in service and the migraine headaches diagnosed post service (in 2013), the VA examiner did not have the benefit of the private medical records pertaining to the Veteran’s treatment of migraine headaches by a neurologist from 2009, which document the Veteran’s account of severe headaches symptoms for “many years,” and which would include a timeframe that dates back at least seven years (to 2002), or at least within the one-year after service. See Reonal v. Brown, 5 Vet. App. 460, 461 (1993); see also November 2009, Neurology Consults of Alabama (noting the Veteran’s reports of severe headaches for “many years” to support, in tandem with other factors, a diagnosis of migraine headaches); VA Medical Records (covering the period from November 2013 to December 2018, and showing continued treatment for severe headaches, diagnosed as chronic migraine headaches).

Because the post-service medical records indicate that the Veteran continued to experience severe headaches close in time to her discharge from active duty service, the Board finds no reason to doubt the competency and credibility of the Veteran’s accounts of continuous headaches since active service as they have been consistently reported throughout the record and in post-service medical documentation. See Rucker v. Brown, 10 Vet. App. 67, 71-73 (1997) (the statements made to physicians for the purpose of diagnosis or treatment are exceptionally trustworthy); see also March 2009 to September 2019, Neurology Consults of Central Alabama (noting severe headaches for “many years” to support the diagnosis of migraine headaches); November 2013 to December 2018, VA Medical Records (noting severe headaches for “many years” with continued treatment for chronic migraine headaches); April 2019, VA Examination Report (DBQ) (The Veteran related an onset of headaches in 1996 that have worsened over the years); March 2020, Board Hearing Transcript (The Veteran’s account of initial treatment for headaches in 1996, which she has continued to suffer since and currently).

Resolving reasonable doubt in the Veteran’s favor, she has had a continuity of symptomatology since active service for the currently diagnosed chronic migraine headaches, and the criteria for service connection for a chronic disease have been met. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d at 1338-40. The appeal is granted.

 

 

DEBORAH W. SINGLETON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Zigan Danklou

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.