Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 190628-10779
DATE: June 30, 2021

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include depression, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from February 1981 to August 1992, from May 2009 to October 2009, and from January 2011 to June 2011.

In a May 2020 decision, the Board denied the Veteran's claim. The Veteran timely appealed the decision to the United States Court of Appeals for Veterans Claims (Court), and by a March 2021 Order, the Court granted a Joint Motion for Remand (JMR), which found that the Board erred in relying on an inadequate VA examination report and failed to ensure that all outstanding records were associated with the claims file. 

Specifically, the JMR noted that the Veteran was deployed in Afghanistan from May to September 2009 and that during his post-deployment, he reported symptoms of nightmares, avoiding situations, little interest or pleasure in doing things, and feeling down, depressed, or hopeless. In addition, in March 2010, between periods of active duty, on another post-deployment assessment, the Veteran continued to endorse symptoms of little interest or pleasure in doing things, and feeling down, depressed, or hopeless. Similarly, in September 2011, only three months after discharge, he had a positive depression screen, suggestive of severe depression. In January 2015, the Veteran reported depression and anxiety since returning from Afghanistan as well as marital discord. He continued to report such symptoms during mental health treatment. 

An October 2018 VA examiner opined that the Veteran's depression was less likely than not related to military service, reasoning that the Veteran had a significant legal issue, which was the primary source of his anxiety, and that there was no evidence of depression in his service treatment records. Nevertheless, as noted by the JMR, this is a blatant misstatement of the Veteran's medical history. Reonal v. Brown, 5 Vet. App. 458, 461 (1993) (holding that the Board may reject a medical opinion based on an inaccurate factual basis). Accordingly, an addendum medical opinion is necessary.

In addition, the Veteran identified treatment at the Mesa Vet Center; however, VA made no attempts to obtain these records. On remand, meaningful attempts to obtain these records should be made.

The matters are REMANDED for the following action:

1. Contact the Veteran and ask him to identify any outstanding treatment records, to specifically include mental health treatment from the Mesa Vet Center. Provide him VA Forms 21-4142, Authorization and Consent to Release Information to the VA, for any identified outstanding and relevant private treatment records. Advise him that he may submit such records if he so chooses. Make at least two meaningful attempts to obtain these records and associate them with the record.

2. Then, obtain an addendum medical opinion from an appropriate VA examiner to help determine the likely etiology of the claimed acquired psychiatric disorder. The claims file and a copy of this remand will be made available to the examiner, who will acknowledge receipt and review of these materials. The need for another examination is left to the discretion of the medical professional offering the addendum opinion.

After a review of the record, the examiner is asked to respond to the following: 

(a) Identify all currently diagnosed psychiatric disorders since the date of claim in July 2017. 

(b) For each currently diagnosed psychiatric disorder, opine whether it is at least as likely as not (50 percent probability or greater) had its onset during service or is otherwise related to it. 

(Continued on the next page)

 

**In doing so, the examiner is asked to specifically address the following: (i) September 2009 post-deployment health assessment showing reports of nightmares, avoiding situations, little interest or pleasure in doing things, and feeling down, depressed, or hopeless; (ii) March 2010 post-deployment health assessment, showing reports of symptoms of little interest or pleasure in doing things, and feeling down, depressed, or hopeless; (iii) Mental health treatment records beginning only three months after separation, in which the Veteran indicated he had anxiety and depression since service in Afghanistan with a positive depression screen suggestive of severe depression; and, (iv) September 2016 mental health initial evaluation note showing reports of suicidal ideation since discharge from service.

A complete rationale should be provided for all opinions.

 

 

S. B. MAYS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Yaffe, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.