﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190819-57305
DATE: July 31, 2020

ORDER

Entitlement to service connection for degenerative disc disease (DDD) of the lumbar spine is granted.

FINDING OF FACT

The Veteran’s DDD of the lumbar spine is etiologically related to an in-service back injury.

CONCLUSION OF LAW

The criteria for service connection for degenerative disc disease (DDD) of the lumbar spine have been met. 38 U.S.C. §§ 1110, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.303(b), 3.307, 3.309 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from September 1967 through August 1969, and June 1970 through October 1973. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. This case will be adjudicated within the AMA framework. 

The Board notes that the Veteran’s claim for service connection for a back disability was previously denied in February 1982. In January 2018, the Veteran filed a claim to reopen his previously denied claim. This case is before the Board of Veterans Appeals (Board) on appeal from a February 2018 Rating Decision by a Department of Veterans Affairs (VA) Regional Office (RO). In November 2018, the Veteran filed a Notice of Disagreement, and in June 2019 the RO issued a Statement of the Case (SOC). In August 2019, the Veteran “opted in” to the AMA by submitting a Form 10182 and elected the evidence docket. In this June 2019 SOC, as well as the February 2018 RD, the RO noted that the Veteran’s previously denied claim of service connection for a back disability was considered reopened but found that the evidence failed to show that his current back disability was related to his military service. Although the Veteran’s claim to reopen was adjudicated under the new and material evidence standard, which is the standard to reopen in the legacy framework, the Veteran’s claim is now within the AMA framework. Under the AMA, in the absence of clear and unmistakable error, the Board is bound by the RO’s decision to reopen as it constitutes a favorable finding. See 38 C.F.R. § 3.104(c). As such, the Board need not adjudicate the reopening of the claim again and may proceed to the merits of the service connection claim.

1. Entitlement to service connection for degenerative disc disease (DDD) of the lumbar spine

Service connection will be granted if the evidence demonstrates that current disability resulted from an injury suffered or disease contracted in active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) current disability; (2) in-service injury or disease; and (3) a relationship between the two. Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018). Consistent with this framework, service connection is warranted for a disease first diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Pursuant to 38 C.F.R. § 3.303(b), where a chronic disease is shown as such in service, subsequent manifestations of the same chronic disease, however remote, are service connected, unless clearly attributable to intercurrent causes. Continuity of symptomatology is required only where the condition noted during service is not in fact shown to be chronic or the diagnosis of chronicity may be legitimately questioned. The provisions of 38 C.F.R. § 3.303(b) apply only to the specific chronic diseases listed in 38 U.S.C. § 1101(3) and 38 C.F.R. § 3.309(a), which include degenerative arthritis. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The Veteran contends that he injured his back on active duty while working in a military hospital laundry room. He explained that he was lifting laundry bags every day and loading and unloading linens. He remembered that one day he felt a pain in his back and went to the Doctor at Fort Sill for this injury. He reports that at the time, the Doctor told him he had a slipped disc in his back, with pain radiating to both his legs. The Veteran also contends that mopping floors and working in a warehouse while on active duty could have caused his current back disability. See January 1982 statement from the Veteran, and January 1982 Report of Accidental Injury Form. Further, in a January 2018 statement in support of his claim, and while providing the history of his in-service injury during the January 2018 VA examination, the Veteran continued to state that he injured his back while lifting heavy laundry bags working in a military hospital at Fort Sill.

In this case, the Veteran is currently diagnosed with Degenerative Disc Disease (DDD) of the lumbar spine. See January 2018 VA examination. Treatment records from the St. Louis MO VAMC dated from June 2003 through January 2018 support this finding. A June 2003 MRI of the lumbosacral spine showed early degenerative disc disease, and a January 2005 x-ray gave the impression of degenerative disease of the lumbar spine worse at L5-S1, without acute fracture or dislocation. Based on this evidence, the current disability element is established.

Service Treatment Records (STRs), reveal two in-service notations which reference the Veteran’s back. Specifically, in a January 1968 notation the Veteran reported complaining of back pain which was diagnosed as myositis. In July 1969, the Veteran again presented complaining of low back pain at the L4 level which radiated up. The Veteran was diagnosed with low back strain and was told to not undertake lifting or bending for five days. Further, in October 1968, the Veteran presented complaining of pain in his right shoulder blade after leaning over for long periods of time. The recommendation was no ditch digging for a week. These in-service records clearly demonstrate that the Veteran did seek treatment in service for a back injury, and support his contention that his back injury was due to bending over and lifting heavy laundry bags, as the physician’s recommendation was to avoid lifting and bending, presumably to allow the Veteran’s back time to heal and to prevent another back injury. Given the above, the Board finds the Veteran suffered an in-service injury related to his back.

The remaining issue is a nexus between the Veteran’s currently diagnosed DDD and his in-service back injury. Here, the January 2018 VA examiner opined that the Veteran’s current back disability was less likely than not incurred in or caused by the in-service injury. The VA examiner reasoned that there was no indication of a back injury or problems in the military medical records. He explained that the September 1973 separation examination showed a normal back examination, and further noted that post-service medical records showed no indication of back problems until an on the job back injury in 2003, after which point there were frequent complaints of back pain in the record. The examiner concluded that given the absence of any record of back problems or complaints during the military, including no diagnosis or treatment, and the Veteran’s own denial of back problems in the 1973 Report of Medical History, he was unable to establish a nexus to any issues in the military.

Here, the Board finds the 2018 VA examiner’s opinion to be of little probative value because it is based on the inaccurate factual premise that there was no in-service treatment related to the back. See Reonal v. Brown, 5 Vet. App. 458, 461 (1993) (An opinion based upon an inaccurate factual premise has no probative value). As discussed above, the STRs do show evidence of an in-service back injury and treatment. Although the examiner also relied on a 1973 separation exam which showed the Veteran’s back to be normal, and argued that the Veteran’s current back disability was related to a 2003 on the job injury, the fact remains that the examiner in part formed his opinion on the basis of a lack of documented in-service treatment related to the back. As such, the Board affords his opinion very little probative weight.

In August 2019, the Veteran submitted a letter from a licensed chiropractor. Dr. A. stated that diagnosing and treating spine injuries consumed a majority of his practice. He noted that he initially examined the Veteran over three years ago, and had personally re-reviewed the Veteran’s medical history and imaging records, as well as discussed the specific events that the Veteran related to his present condition—that being the injury of his lower back while serving on active duty in the military over 45 years ago. Dr. A. opined that the Veteran’s present condition was “just as likely as not” the same injury he originally suffered during his time in the military. Dr. A. reasoned that it was known in his personal experience and thoroughly documented across medical literature, that spinal injuries early on in a person’s life leave them more susceptible to the degenerative cascade of diagnoses noted on the Veteran’s imaging reports.

In this case, Dr. A. had knowledge of the Veteran’s medical history, had been treating him for at least three years, and had discussed with the Veteran the circumstances surrounding his in-service back injury. The fact that he did not review the claims file is not dispositive. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 303 (2008) (the absence of review of the claims file does not exclude the possibility that the physician is informed of relevant facts). Dr. A. had all the information necessary to render a competent opinion. Further, he supported his opinion that the Veteran’s current back disability was as likely as not related to his in-service back injury with an adequate rationale, noting that spine injuries early in life leave one more susceptible to the degenerative cascade of diagnoses found on the Veteran’s imaging reports. Dr. A.’s opinion uses the correct legal standard, is well reasoned, and considers all the relevant information necessary to render a competent opinion. As such, the Board finds Dr. A.’s opinion persuasive and entitled to significant probative weight.

Lastly, a September 2003 letter from the Back Pain Institute of St. Louis in reference to a Worker’s Compensation claim filed by the Veteran, noted that DDD of the lumbar spine is a chronic problem that can become acute by a single incident that actually herniates the disc. This type of injury is usually caused by a bending and lifting motion that is consistent with the trauma experienced by the Veteran. Although this medical record refers to a 2003 on the job injury at the US Postal Service, it tends to bolster Dr. A.’s opinion that spine injuries early in life leave one more susceptible to other spine injuries and degenerative diagnoses later in life.

In summary, there is evidence of a current disability—DDD of the lumbar spine, a documented in-service back injury, and a well-reasoned medical opinion connecting the two. As such, the Board finds that the preponderance of the evidence is in favor of the claim, and service connection for DDD of the lumbar spine should be granted.

 

 

Jennifer White

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Alison M. Mecone, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.