Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 190326-5785
DATE: June 30, 2021

ORDER

Entitlement to service connection for bilateral plantar fasciitis is granted.

FINDING OF FACT

The Veteran's bilateral plantar fasciitis is related to in-service complaints of foot trouble.

CONCLUSION OF LAW

The criteria for service connection for bilateral plantar fasciitis have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from January 1974 to January 1978.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. 

The rating decision on appeal was issued in March 2019 and constitutes an initial decision; therefore, the AMA applies. 

In a March 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

The Veteran presented testimony at a Board hearing in March 2021. A transcript of the hearing is associated with the claims folder.

Entitlement to service connection for bilateral plantar fasciitis.

The Veteran asserts that his bilateral plantar fasciitis started during his period of active duty service and became progressively worse after his discharge. (3/1/2021, Hearing Transcript, p. 2). Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

The Board concludes that the Veteran has a current disability of bilateral plantar fasciitis that began during active service. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

A private medical examination submitted in March 2021 (within 90 days after the Veteran's Board hearing) shows a current diagnosis of bilateral plantar fasciitis. (3/2/2021, VA Examination, p. 1). While the Veteran was not diagnosed with plantar fasciitis during service, his separation examination revealed complaints of foot trouble and calf cramps. (12/21/2014, STR-Medical, p. 40-41). Thus, the question becomes whether the current disability is related to service. On this question there are probative opinions in favor of and against the claim.

The evidence against the claim includes a March 2019 VA examination and medical opinion wherein a VA examiner opined that there is "no objective evidence to support [that the] Veteran's foot conditions are related to an in-service injury or event. There is no documentations in the [service treatment records] surrounding care and treatment of foot conditions." (3/6/2019, C&P Exam, p. 2). 

The evidence in favor of the claim includes a medical opinion from the Veteran's podiatrist. In a private medical record dated October 2018, the Veteran's private podiatrist opined that "after reviewing his file it is my opinion that more likely than not the onset and exacerbation of his condition is a result of his military service due to prolonged years of standing." (3/2/2021, Medical Treatment Record, p. 1). 

The probative value of medical opinion evidence is based on the medical expert's personal examination of the patient, the physician's knowledge and skill in analyzing the data, and the medical conclusion that the physician reaches. Guerrieri v. Brown, 4 Vet. App. 467, 470-71 (1993). Whether a physician provides a basis for his or her medical opinion goes to the weight or credibility of the evidence in the adjudication of the merits. See Hernandez-Toyens v. West, 11 Vet. App. 379, 382 (1998). Other factors for assessing the probative value of a medical opinion are the physician's access to the claims folder and the thoroughness and detail of the opinion. See Prejean v. West, 13 Vet. App. 444, 448-9 (2000); Nieves-Rodriguez, 22 Vet. App. 295 (2008); Prejean v. West, 13 Vet. App. 444, 448-9 (2000).

Here, the February 2021 opinion was provided by a medical professional who possesses the necessary education, training, and expertise to provide the requested opinion. Additionally, the opinion is also shown to have been based on a review of the Veteran's record and is accompanied by a sufficient explanation as to why the Veteran's bilateral plantar fasciitis began during his period of active service.

Conversely, the March 2019 VA opinion was based, at least in part, on an inaccurate factual premise. In this regard, the examiner failed to acknowledge or address the Veteran's complaints of foot problems and calf cramps made during his December 1977 separation examination. Therefore, the Board assigns the March 2019 medical opinion no probative weight. See Reonal v. Brown, 5 Vet. App. 458, 461 (1993). The Board thus places more probative weight on the October 2018 private medical opinion. 

Upon review of the record, the Board finds the evidence to at least be in equipoise as to whether the Veteran's current bilateral plantar fasciitis arose in service. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection for bilateral plantar fasciitis is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board R. Glenn, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.