Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 201021-117489
DATE: July 14, 2021

ORDER

Service connection for an acquired psychiatric condition, to include PTSD and depression, is denied.

FINDING OF FACT

The evidence is insufficient to find that Veteran's acquired psychiatric disorder, to include PTSD and depression, began during active service, or is otherwise related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disorder, to include PTSD and depression, are not met. 38 U.S.C. §§ 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303(a), 3.304, 4.125, 4.126, 4.129.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service in the Navy from June 1976 to January 1978. 

As a procedural matter, on August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law has created a new framework for Veterans dissatisfied with a VA decision on their claim to seek review.

A rating decision was issued under the legacy system in February 2019 and the Veteran submitted a timely notice of disagreement. In March 2020, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). That same month, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and opted into AMA, from the March 2020 SOC, this had the impact of withdrawing his appeal from the Legacy rating system. In April 2020, the AOJ issued an HLR decision, which considered the evidence of record at the time of the March 2020 SOC.

In August 2020, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim. In August 2020, the AOJ issued the supplemental claim decision on appeal, which found that new and relevant evidence had been received, but denied the claim based on the evidence of record at the time of that decision. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c). In October 2020, the Veteran submitted a VA Form 10182, Decision Review Request: Board Appeal, appealing the denial of Veteran's service connection claim for an acquired psychiatric disorder (claimed as PTSD). 

In the October 2020 VA Form 10182, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the supplemental claim decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1131; 38 C.F.R.§ 3.303. Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service (nexus). Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may also be established with certain chronic diseases based upon a legal presumption by showing that the disease manifested itself to a degree of 10 percent disabling or more within one year from the date of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a). Further, service connection may also be established on a secondary basis for a disability which is proximately due to, or aggravated by, a service-connected disability. 38 C.F.R. § 3.310(a). 

VA has additional requirements regarding the establishment of a PTSD claim. To establish service connection for PTSD, the record must contain: (1) medical evidence diagnosing PTSD in accordance with 38 C.F.R. § 4.125 (a), i.e., a diagnosis conforming to specified diagnostic criteria (currently the DSM-5, previously the DSM-IV); (2) credible supporting evidence that the claimed in-service stressor actually occurred; and (3) medical evidence of a link, or causal nexus, between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304 (f).

The evidence necessary to establish the occurrence of an alleged in-service stressor for PTSD varies depending on the circumstances of the particular case. VA regulations provide that, if a PTSD claim is based on in-service personal assault, evidence from sources other than the Veteran's service records may corroborate the Veteran's account of the stressor incident. Examples of such evidence include, but are not limited to: records from law enforcement authorities, rape crisis centers, mental health counseling centers, hospitals, or physicians; pregnancy tests or tests for sexually transmitted diseases; and statements from family members, roommates, fellow service members, or clergy. 38 C.F.R. § 3.304 (f)(5).

Evidence

The Veteran seeks service connection for an acquired psychiatric disorder, to include PTSD and depression, which he believes was caused by bullying and physical assaults that he occurred while in service. In a November 2018 Statement in Support of Claim for PTSD, the Veteran reported that he was physically assaulted and bullied by his shipmates on many occasions during service. The Veteran did not report the abuse at the time out of fear of retribution. Two specific stressors were noted, the first stressor involved a fight in a camper during which the Veteran's nose was broken. The second was a physical assault that he alleges occurred on the USS Petrel, in which he was targeted by several individuals who pushed him into an air conditioning vent causing a head laceration. The Veteran also reported several other instances of random beatings, stealing of the Veteran's clothes, tying the Veteran down to his bed, and constant bullying. The Veteran reported that he began drinking out of avoidance and fear. He reported that after discharge he underwent alcohol and drug rehab, had problems maintaining employment, and used alcohol and drugs due to low self-worth and low self-esteem from his time in service. The Veteran also reported trouble maintaining relationships due to emotional trauma from the Navy. 

Service treatment records (STRs) indicate that in August 1977 he was treated for a head laceration which he reported at the time occurred from hitting his head on a machine. The Veteran was treated in October 1977 for a nasal fracture. In December 1977 the Veteran was evaluated for administrative separation due to substandard performance and poor personal hygiene habits. The physician noted that Veteran lacked motivation, had a flat affect, was not acutely neurotic nor psychotic, and was aware of his actions. The Veteran was diagnosed with an inadequate personality and was recommended administrative separation. 

Military personnel records indicate several disciplinary actions during the Veteran's service. A July 1977 disciplinary record indicates he was disciplined for failure to obey a lawful order. An October 1977 record indicates he failed a urinalysis test. A November 1977 record indicates he was disciplined for vandalism. A memorandum from Veteran's commanding officer on the USS Petrel indicated that Veteran had been given opportunities to correct his deficiencies, however, his performance and conduct continued to degrade. The Veteran's military offenses are noted as being the culmination of repeated infractions, which were handled at the Department level to no avail. The Veteran's personal hygiene was noted, such that his co-workers ostracized him professionally and socially. 

In 2008, the Veteran applied for Social Security Disability (SSD) benefits which was ultimately denied. At the August 2008 psychiatric examination associated with this application, the Veteran was diagnosed with depression and a history of alcohol abuse (in remission). No diagnosis of PTSD was noted. The Veteran reported that after discharge from the military, he had some difficulty assimilating back into society. The Veteran said that he believes he has been depressed most of his life. He reported emotional abuse as a child and significant behavioral problems as a teenager. The SSA examiner noted that emotionally, the Veteran's affect was somewhat blunted and his mood seemed mildly depressed. The Veteran reported losing interest in day-to-day activities and having low self-esteem, however, he denied any suicidal ideation. The examiner noted no behavioral signs of tension or anxiety and no history of excessive worry or panic. There was no indication that the Veteran mentioned any instances of bullying or physical assault during the military to this SSA examiner. 

In March 2019, the Veteran was afforded a VA examination at which he was diagnosed with an adjustment disorder, with mixed anxiety and depressed mood. The Veteran did not meet the DSM-5 criteria for a diagnosis of PTSD. The Veteran reported experiencing problems in the Navy including bullying and poor performance. He reported that he received treatment in the 1980s for alcohol and drug abuse. In 1995, the Veteran reported that he had been diagnosed with impulse control disorder and received medication. When asked about military stressors, the Veteran described being bullied and physically assaulted by his shipmates. He described having received a broken nose from a physical assault, being hung over the side of the ship in a chair, and being locked in a locker. The Veteran reported to the examiner that he has intrusive thoughts about these events daily and reported dreams about these events three to four times a week. The Veteran reported that he has not been engaged in mental health treatment since 2008 and that he has been hospitalized approximately 15 times for detoxification from alcohol abuse.

Upon examination, the Veteran showed symptoms of depressed mood, anxiety, and panic attacks more than once a week. The examiner opined that it was less likely than not (less than 50 percent probability) that he meets the DSM-5 criteria for PTSD related to a service stressor. The examiner opined that Veteran did not report negative alterations in cognitions and mood or marked alterations in arousal and reactivity related to these events that rise to a significant level in terms of severity, frequency or intensity in order to meet DSM-5 diagnostic criteria for PTSD. Additionally, examiner noted that Veteran has never been treated for PTSD and he did not have a diagnosis of PTSD in his medical record. The examiner remarked that Veteran's most recent PTSD screen scores were negative in both September 2012 and September 2017. 

The examiner also opined that Veteran's diagnosed adjustment disorder, with mixed anxiety and depressed mood was secondary to his COPD. The examiner indicated that the symptoms of depression and anxiety reported were related to his declining health and former actions that led to his current COPD. 

Of note, the VA examiner noted that while the Veteran provided complete and consistent responses on testing, which was suggestive of intact comprehension, attentiveness, and patience with the test items and length, his profile and approach to testing were suggestive of non-credible or exaggerated reporting of psychiatric symptoms. The examiner indicated that this did not mean that the Veteran was free of dysfunction or disorder, but instead called into question the creditably of his self-report and report on other questionnaire measures.

VA medical records from April 1980 show a diagnosis of passive aggressive personality disorder with alcohol abuse. The physician noted that Veteran presented with a history marked by short term employment, repeated incidents of alcohol abuse, indecisiveness, and immaturity. 

A June 1995 VA treatment note shows a diagnosis of impulse control disorder. The Veteran reported symptoms of poor impulse control, getting angry quickly, and occasionally becoming violent. The Veteran also reported feeling depressed, but somewhat improved. The physician described his depression as not continuous, occurring only for a few hours. The Veteran denied suicidal or homicidal ideations.

An October 1995 VA treatment note shows reported symptoms of anxiety and depression with no diagnosis. A December 2007 VA treatment note indicated positive results on a depression questionnaire that were suggestive of moderate depression. A February 2008 treatment note indicates that Veteran attended a couple's therapy session and was diagnosed with adjustment disorder with mixed emotions. 

November 2012 and July 2013 treatment notes reflect negative PTSD screenings. A September 2013 treatment note reports a history of PTSD, but no current diagnosis. A September 2017 treatment note shows a depression screen was negative. A March 2018 treatment note indicates a negative screening score for PTSD and depression and no report of suicidal thoughts. 

A January 2020 treatment note indicates that Veteran was diagnosed with depressive disorder NOS. The Veteran did not report suicidal ideations. A March 2020 treatment note described the Veteran as having a baseline level of anxiety, which had worsened since his hospitalization for an infection. The Veteran was described as constantly worrying about his declining health and death, and feeling overwhelmed when he could not catch his breath quickly. The Veteran was recommended for an evaluation by mental health because of his significant anxiety and depression which caused him to hyperventilate. Further treatment notes from March 2020 indicate that the Veteran described episodes of anxiety associated with exertional dyspnea (shortness of breath) and struggling with fear of dying and anticipatory grief about his death coming sooner than he expected. The Veteran was diagnosed with having mixed anxiety, both physiologically driven (dyspnea, medications) and existential and grief-related. 

A July 2020 private medical opinion provided by Mr. Zachary Gleason, a Licensed Mental Health Counselor (LMHC) diagnosed Veteran with PTSD with panic attacks and major depressive disorder (MDD), recurrent, with psychotic features. In forming his opinion, Mr. Gleason reports that he reviewed Veteran's VA medical records, VA administrative records, military medical and administrative records, statements of the claim, VA examination, and rating decisions. 

The Veteran reported to Mr. Gleason that he has been unable to hold a job for more than one year since his discharge from the military due to his mental health symptoms. The Veteran reported that after an in-service knee injury, he was not able to perform his duties well and was bullied and abused by his shipmates and superiors. Upon examination for Veteran's mental status, the Veteran reported seeing shadows in his peripheral vision, seeing figures pass by that were not real, and hearing whispers and mumbling in adjacent rooms that were not real. The Veteran reported near-continuous panic attacks due to fear about breathing and dying. The private opinion indicated that the Veteran began drinking heavily in the military to manage his mental health symptoms and has received numerous treatments requiring inpatient substance abuse treatment. The opinion also stated that the Veteran was at an increased risk of self-harm due to a terminal diagnosis and strong passive suicidal ideation as well as that the Veteran was an increased risk to others due to a low frustration tolerance which leads to angry outbursts.

Upon examination, the Veteran showed symptoms of depressed mood, anxiety, suspiciousness, near-continuous panic or depression affecting the ability to function independently, appropriately, and effectively, chronic sleep impairment, flattened affect, circumstantial, circumlocutory, or stereotyped speech, difficulty in understanding complex commands, impaired judgment, impaired abstract thinking, gross impairment in thought processes or communication, disturbances of motivation and mood, difficulty in establishing and maintaining effective work and social relationships, difficulty adapting to stressful circumstances, including work or a work like setting, instability to establish and maintaining effective relationships, suicidal ideation, obsessional rituals which interfere with routine activities, impaired impulse control, such as unprovoked irritability with periods of violence, persistent delusions or hallucinations, grossly inappropriate behavior, persistent danger of hurting self or others, neglect of personal appearance and hygiene, intermittent inability to perform activities of daily living, including maintenance of minimal personal hygiene. 

The private opinion notes that Veteran began experiencing depression, anxiety, flashbacks, and panic attacks but does not provide an onset date. Mr. Gleason opines that since Veteran did not experience any mental health symptoms prior to his in service injury, it is at least as likely as not that his experience of the fall and subsequent bullying and abuse led directly to the development of his mental health diagnoses. 

Of note, the corresponding DBQ submitted with this opinion provided a diagnosis based upon the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-4). The written opinion indicates that the diagnoses provided were based upon the DSM-5 criteria. For rating purposes, the VA uses the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5). See 38 C.F.R. § 4.125.

After a careful review of the medical and lay evidence of record, the Board finds that the weight of the evidence is against the conclusion that the Veteran's acquired psychiatric disorder began in or was otherwise caused by the Veteran's active military service.

PTSD

As noted above, the establishment of a service connection claim for PTSD requires: (1) medical evidence diagnosing PTSD in accordance with 38 C.F.R. § 4.125 (a), i.e., a diagnosis conforming to specified diagnostic criteria (currently the DSM-5, previously the DSM-IV); (2) credible supporting evidence that the claimed in-service stressor actually occurred; and (3) medical evidence of a link, or causal nexus, between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304 (f). 

The Board finds that there is credible supporting evidence that the claimed in-service stressor actually occurred. STRs from Veteran's service support the physical injuries that he reported in his lay statements. See November 2018 Statement in Support of Claim for PTSD.

The record contains conflicting medical opinions regarding whether the Veteran meets the DSM criteria for a diagnosis of PTSD. The only diagnosis of PTSD in Veteran's medical records is from the July 2020 private opinion of Mr. Gleason. The March 2019 VA examination found that Veteran did not meet the criteria for diagnosis of PTSD under the DSM-5. No other diagnosis of PTSD is noted in Veteran's medical records. November 2012 and July 2013 VA treatment notes indicate negative results on PTSD screenings. While a September 2013 treatment note reports a history of PTSD, there is no diagnosis or treatment records of PTSD found prior to this note. 

At the March 2019 VA examination Veteran was not diagnosed with PTSD, but rather was diagnosed with an adjustment disorder, with mixed anxiety and depressed mood. Upon examination, the Veteran showed symptoms of depressed mood, anxiety, and panic attacks more than once a week. The VA examiner opined that Veteran's adjustment disorder was secondary to his COPD and specifically related to his declining health and former actions that led to his current COPD. 

In July 2020, a private opinion diagnosed Veteran with PTSD with panic attacks and major depressive disorder (MDD), recurrent, with psychotic features. Mr. Gleason opined that since Veteran did not experience any mental health symptoms prior to his in-service injury that it is at least as likely as not that his experience of the fall and subsequent bullying and abuse led directly to the development of his mental health diagnoses. 

The Board has considered both the VA and private examinations in their entirety, however, has ultimately chosen to give less probative weight to the private opinion. The private opinion appears to be based on the Veteran's self-reported medical history and reports symptoms and etiology that are inconsistent with other medical treatment records. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008); Reonal v. Brown, 5 Vet. App. 458, 460-61 (1993).

Initially, the Board notes that the private opinion does not address Veteran's terminal illness and any connection to Veteran's current symptomology reported as the basis for the diagnosis of PTSD. The private opinion mentions Veteran's terminal illness as an Axis IV (psychosocial and environmental) problem. This conflicts with VA treatment notes, which indicate that Veteran's psychiatric symptoms are related and/or worsened to his physical illness. For example, treatment notes from a March 2020 mental health evaluation indicate that Veteran described episodes of anxiety associated with exertional dyspnea (shortness of breath) and struggling with fear of dying and anticipatory grief about his death coming sooner than he expected. Additionally, the private opinion indicates that Veteran experiences near-continuous panic attacks due to fear about breathing and dying. The examiner does not explain how this symptom relates to his diagnosis of PTSD or his military service. 

Furthermore, many of the symptoms reported in the private opinion are not supported by other medical treatment records. The private opinion notes, for example, that Veteran is a persistent danger of hurting himself or others, has suicidal ideations, obsessional rituals which interfere with routine activities, and persistent delusions or hallucinations. These symptoms are not found elsewhere in Veteran's treatment records. At the March 2019 VA examination, the Veteran specifically denied auditory and visual hallucinations and denied current suicidal ideation and any thoughts of hurting other people. VA treatment records do not show reports of suicidal ideations. For example, both March 2018 and January 2020 treatment notes indicate Veteran did not report suicidal thoughts.

Consequently, the Board will give more probative weight to the March 2019 VA examiner's opinion. Even if Veteran is assumed to have a diagnosis of PTSD, the medical evidence of a link, or causal nexus, between current symptomatology and the claimed in-service stressor is insufficient to warrant service connection for PTSD.

In addition to the negative nexus opinion provided by the March 2019 VA examination, other medical evidence supports a lack of nexus between Veteran's current psychiatric condition and his military service. 

Prior to filing for VA benefits, the Veteran reported to an August 2008 psychiatric examination for SSD benefits. The Veteran reported that he believed he was depressed most of his life. He reported emotional abuse as a child and significant behavioral problems as a teenager. Of note, the Veteran did not report instances of bullying or physical assault during the military to this SSA examiner. No diagnosis of PTSD was provided, and Veteran did not associate his mental health concerns at the time as being caused by experiences in the military. 

The Veteran now reports experiencing bullying and physical assaults during military service, which he asserts caused his current psychiatric disorder. See November 2018 Statement in Support of Claim for PTSD. However, in a June 1995 statement, the Veteran reports feeling depressed, having impulse control disorder and anger management issues. He associates this distress with his physical injuries and difficulties with drugs, alcohol, and finding work to support his family. See Correspondence received February 21, 1996. The Veteran also provided lay statements from a friend that indicate he is experiencing depression due to his inability to work and difficulties surviving on minimal income. See Buddy/Lay Statement received April 28, 1995. Moreover, while a broken nose was shown by the service treatment records, it was not shown to have occurred how the Veteran now describes it. An October 1977 service treatment record notes that the Veteran presented at the emergency room with a nose injury. It was noted that the Veteran had fractured his nose three years earlier. It was noted that he had fallen on steps playing football. As such, there was no indication that the Veteran broke his nose in a fight.

While the Board is sympathic to Veteran's difficulties, the Veteran and other lay individuals are not competent to provide a diagnosis nor nexus opinion regarding his psychiatric disorders. The issue is medically complex because it requires knowledge of complicated medical diagnostic criteria. Therefore, it is outside the competence of the Veteran and other lay witnesses in this case because the record does not show that they have the required medical training or credentials to make such a determination. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board will give more probative weight to the medical opinions in this matter rather than lay evidence to determine the causal nexus. 

The current evidence does not favor a finding of a causal nexus between Veteran's current psychiatric disorder and his in-service stressor. Moreover, no reported stressor has been corroborated. 

Of note, the evidence of record does not show any record of bullying beyond the Veteran's assertions. It is true that the Veteran broke his nose, but there was no indication in the hospital records about it having resulted from a fight, rather he had broken his nose prior to service and simply struck it playing football. Service personnel records show that the Veteran had poor effort, bad hygiene, and demonstrated a pattern of failing to follow instructions and for those reason he was discharged from service. As such, even if the mental health counselor diagnosed PTSD, it is not found to have been based upon a corroborated stressor and for that reason, the criteria for service connection are also not met.

As noted, VA regulations require corroboration of a non-combat stressor. Here, the Veteran was not in combat. As such corroboration of his reported stressor(s) is necessary. While the Veteran has submitted buddy statements, none have detailed the incidents he has alleged occurred during service. 

As a result, service connection for PTSD is denied.

Psychiatric Disorder, other than PTSD

Turning to the issue of service connection for an acquired psychiatric disorder, other than PTSD, the Board notes that the Veteran has been diagnosed with an adjustment disorder and depression. See March 2019 C&P Examination; CAPRI records received March 11, 2020. Thus, the first prong of the service connection analysis is met, being that the Veteran has a current diagnosis of a psychiatric disorder.

A December 1977 evaluation for administrative separation diagnosed Veteran with an inadequate personality and noted that Veteran lacked motivation, had a flat affect, was not acutely neurotic nor psychotic, and was aware of his actions. STRs do not indicate any other psychiatric conditions or symptoms during service. 

The first post-service treatment for any psychiatric disorders was in June 1995, 17 years after discharge, when Veteran was diagnosed with impulse control disorder. Veteran reported feeling depressed his depression was described as not continuous, occurring only for a few hours. 

Based on the evidence of record, the Board finds that service connection for a psychiatric disorder is not warranted. The Veteran's STRs do not show complaints, treatments, or diagnoses for a psychiatric disorder, to include an adjustment disorder MDD, or depression. The first medical evidence of a psychiatric disorder was in 1995, i.e., over 17 years after his discharge from active service. The fact that there were no records of any complaints or treatments involving the Veteran's psychiatric disorder for many years weighs against the claim. Additionally, the negative nexus opinion of the March 2019 VA examiner as well as the lack of mention of inservice stressors to the SSD examiner, weighs against the Veteran's claims that his psychiatric disorder is the result of his in-service experiences. As noted previously, the private medical opinion was considered but ultimately given less weight than the VA examination and other available treatment records due to the lack of consideration for Veteran's current illness and the symptoms reported being contradictory to other medical records.

Therefore, service connection for an acquired psychiatric disorder, excluding PTSD, is denied.

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Jennifer M. Narvaez, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.