Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 190517-5845
DATE: July 30, 2021

REMANDED

Entitlement to service connection for a left knee disability is remanded.

REASONS FOR REMAND

The Veteran served on active duty for training from July 1970 to November 1970 with additional service in the Army Reserves and United States Army National Guard. The Veteran is currently service connected for other disabilities due to injuries incurred during periods of inactive duty for training (IDT), and therefore is considered to have performed active service and is a Veteran for VA compensation purposes. 38 U.S.C. §§ 101(2), 101(24).

The Board of Veterans' Appeals (Board) notes that a rating decision was issued under the legacy system in April 2013. The Veteran substantively appealed that decision and then opted into the modernized review system by submitting a Rapid Appeals Modernization Program (RAMP) election form in August 2018 and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in January 2019, which is the decision on appeal.

In the May 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the RAMP opt-in (August 9, 2018), as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

The appeal was denied in a March 2020 Board decision that the Veteran appealed to the United States Court of Appeals for Veterans Claims (Court). In February 2021, the Court granted a Joint Motion for Partial Remand ("Joint Motion") of the parties and remanded the claim to the Board for action consistent with the Joint Motion. 

1. Entitlement to service connection for a left knee disability.

The issue of entitlement to service connection for a left knee disability, to include as secondary to a right knee disability, is remanded to correct a duty to assist error that occurred prior to the January 2019 rating decision on appeal.

Thus far, an April 2013 examiner stated that it was less likely than not that the left knee disability was caused by the right knee. The examiner stated that on examination the left knee was normal, and further stated that the right knee was stable on examination and that medical literature indicated that a disability of one joint did not affect the opposite joint. However, subsequent private treatment records from July 2015 reflect that the Veteran was diagnosed with a left medial meniscal tear based on an MRI. These records render inaccurate part of the examiner's rationale for his negative opinion, i.e. that the Veteran's left knee was normal on examination. As the April 2013 examination is now in part based on an inaccurate factual premise, it is inadequate. Reonal v. Brown, 5 Vet. App. 458, 46061 (1993).

An addendum opinion was obtained in October 2017 to address a private opinion causally linking the left knee to the right knee. The October 2017 opinion stated first that the private examiner's opinion was based on subjective opinion and nor on medical research, noting that the private opinion cited to no medical studies to support the opinion that the left knee was caused by the right knee disability. The opinion further stated that current medical research contradicts the private opinion, citing to a study that a disability of one joint does not affect the joints of the opposite extremity. However, this opinion in no way addressed the Veteran's lay statements that his left knee disability was caused by the subjective giving way of his right knee. Dalton v. Peake, 21 Vet. App. 23 (2007). As such, the addendum opinion is also inadequate. As the opinions obtained prior to the August 2018 RAMP opt-in were inadequate, the Board finds that a pre-decisional duty to assist error occurred, and that a remand is required so that new opinions may be obtained. 38 C.F.R. § 20.802.

The matter is REMANDED for the following action:

1. Schedule the Veteran for a VA examination for his left knee disability. The examiner should answer the following:

a) Is it at least as likely as not (a fifty percent probability or greater) that the left knee disability was caused by the service-connected right knee disability?

b) If not, is it at least as likely as not (a fifty percent probability or greater) that the left knee disability was aggravated (worsened) by the right knee disability?

In answering questions (a) and (b), attention is invited to the following: (1) the Veteran's reports that his right knee subjectively gave way, causing his left knee injury; (2) a July 2015 private treatment record diagnosing a left medial meniscal tear (labelled "Medical Treatment Record - Non-Government Facility" pg. 1 uploaded 8/8/15); and, (3) a private opinion linking the left knee disability to the right knee disability (labelled "Medical Treatment Record - Non-Government Facility" pg. 1 uploaded 1/4/17)

A detailed rationale for the opinion must be provided. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as against it. 

If the examiner is unable to offer the requested opinion, it is essential that the examiner offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. Jones v. Shinseki, 23 Vet. App. 382 (2010). 

 

 

CHRISTOPHER A. WENDELL

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Odya-Weis

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.